Danny M. ISOM, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 36793.

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Stephen K. Nordyke, Kansas City, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

This is an appeal by the Director of Revenue from the judgment of the circuit court ordering reinstatement of respondent's driving license. A suspension of the license had previously been ordered by appellant under the provisions of §§ 302.-500–.540, RSMo.Cum.Supp.1984. The issue in the case is whether the evidence submitted to the circuit judge supports the order entered. We find that the cause cannot be decided on the record made and therefore remand for further proceedings.

The presentation of facts as recorded in the transcript assumed the form of stipulations. On behalf of the director, it was stipulated that a Raytown police officer would, if called, testify that he stopped respondent on October 1, 1984 when he observed the car respondent was driving pass through a radar check at 49 miles an hour in a 30 mile zone. Respondent exhibited indications of alcohol intoxication, he was transported to the police station and upon testing with a chemical breathalyzer, respondent was found to have a blood alcohol concentration of .16 percent. Also stipulated were the qualifications of the officer to administer the test and his certification under Chapter 590, RSMo.1978. On behalf of respondent, it was stipulated that he would, if called, testify he was not speeding and there was no probable cause for him to have been stopped.

■ Section 302.510, RSMo.Cum.Supp. 1984 defines the basis for ultimate license suspension as the arrest of a person for violation of § 577.010 or § 577.012, RSMo. Cum.Supp.1984 or for violation of a county or municipal ordinance prohibiting driving while intoxicated or a county or municipal alcohol related traffic offense. Subsection 4 of that statute prohibits license suspension if the arrest is made at a check point or road block and without probable cause to make the arrest prior to stopping the vehicle. It is therefore a necessary element of proof, where the license suspen-

sion is challenged, that the state show probable cause for the officer to have believed the subject committed a traffic offense which entitled the officer to stop the vehicle. Proof after the fact that the subject exhibited conditions associated with intoxication is not enough. In the present case, based on the recited stipulations of what the evidence would be, the issue of whether a traffic violation did occur was disputed.

Respondent in his brief contends the trial court must have decided this fact question in his favor because there were no express findings made and it is therefore assumed all fact issues were resolved consistent with the result reached. *Montrose Savings Bank v. Landers*, 675 S.W.2d 668 (Mo.App. 1984). Under this hypothesis, if respondent was not speeding, there was no probable cause to stop him and the conditions requisite to a license suspension under §§ 302.500–.540, RSMo.Cum.Supp.1984 were not satisfied.

■ The principle upon which respondent relies is based on the accepted function of the trial court to determine credibility and in a bench tried case to accept or reject all, part or none of the witnesses' testimony. The reviewing court is obligated to give due regard to the trial court in judging credibility, *Whitenton v. Whitenton*, 659 S.W.2d 542, 546 (Mo.App.1983). In this case, however, there was no assessment of credibility because the witnesses did not appear, there was no cross-examination and no opportunity for the trial court to observe the demeanor of the witnesses. Indeed, the stipulations provide no ground upon which the trial court could have resolved the conflict between the statements by the officer and by respondent.

■ From the record in this and companion cases of license suspension tried contemporaneously en masse, it is apparent the attention of the parties and the court was centered on the probable cause component of § 302.505.1, RSMo.Cum.Supp.1984 and not on the fact issue of whether respondent was speeding. Nonetheless, the

so called stipulations confronted the court with a disputed element of the case which could only be resolved by introduction of evidence. Until the court is satisfied from evidence on the subject whether the officer had probable cause to stop respondent in consequence of an observed traffic offense, the validity of the license suspension cannot be ruled.

The judgment ordering reinstatement of respondent's license is reversed and the case is remanded for trial on the merits.

All concur.