Charles T. BENNETT, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. WD 36941.

Missouri Court of Appeals,
Western District.

Feb. 11, 1986.

Robert Davis Aulgur, Asst. Atty. Gen., Jefferson City, for appellant.

Paul R. Mudd, Independence, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

CLARK, Chief Judge.

Charles T. Bennett was served with a notice of suspension of his driving privileges under § 302.515, RSMo.Cum.Supp. 1984[1] and an administrative hearing followed in which the order of suspension was sustained. Bennett then obtained a trial de novo before the circuit court where the result was a judgment reinstating Bennett's license. The Director of Revenue has appealed.

In the circuit court trial, it was stipulated that the arresting officer, a Missouri Highway Patrolman, would testify in accordance with certain reports he had prepared, which reports were also received in evidence. The facts, in substance, were that Bennett was arrested November 23, 1984 on Interstate Highway 70 when the vehicle he was driving was clocked at 71 miles per hour in a 55 mile zone. Bennett appeared to the officer to be intoxicated and he was taken to the Blue Springs police office where a chemical breathalyzer test was administered. The test showed Bennett to have a blood alcohol concentration of .18 percent. The report also showed the patrol officer to be the holder of a breathalyzer operator's permit and that the test was conducted in accordance with the rules published by the Missouri Division of Health.

The circuit court made no findings of fact or conclusions of law, but ordered Bennett's driving privileges restored. The stipulation in the case and the contemporaneous disposition of similar cases in the same court during the same time period indicate, notwithstanding the absence of express findings, that the result was based on a failure of proof by the state that prior to arrest the officer had probable cause to believe Bennett's blood alcohol content equalled or exceeded .13 percent.

That basis for avoidance of the suspension was nullified by the subsequent decision in *Collins v. Director of Revenue,* 691 S.W.2d 246 (Mo. banc 1985). Respondent here recognizes the effect of *Collins* but argues that in the absence of findings, it is not to be presumed the result was so narrowly based. He says, in effect, that if there be any ground upon which the decision could be sustained, we must do so.

In the first point addressing the sufficiency of the evidence, respondent suggests the results reached by the trial court could have been justified on the ground that the court did not believe the evidence submitted by the state in support of the license suspension. This view of the result is contended to have support, first because the state must carry the burden of proof to justify the suspension, § 302.535 and, second because it is the prerogative of the trial court in a bench tried case to assess credibility and in so doing, to accept or reject all, part or none of the testimony. *Whitenton v. Whitenton,* 659 S.W.2d 542, 546 (Mo.App.1983).

In response to a similar contention, we noted in *Isom v. Director of Revenue,* 705 S.W.2d 116 (Mo.App.1986) [decided today] that assessment of credibility of witnesses and the consequent deference to the judgment of the trial court on weight and value of testimony is based on the opportunity of the trial court to observe the witness as he responds to questions and to measure the effect of cross-examination. In this case, the evidence supporting the license suspension was, by stipulation, the recorded observations of the highway patrol officer shown on the reports admitted as exhibits. Under such circumstances no issue of credibility was presented.

An additional factor in this case distinguishing it from cases in which deference

---

1. All citations are to RSMo.Cum.Supp.1984.

to the trial court's implied findings would justify affirmance is the absence of any proof tendered to refute the evidence presented by the Director of Revenue. Unlike *Isom v. Director of Revenue, supra,* the respondent here made no attempt to contest the factual basis for his arrest or the degree of his alcohol intoxication. There simply was no fact issue presented to the court to decide. This situation in which the evidence was received by stipulation and was uncontroverted lacks any basis upon which to draw the inference respondent suggests.

 Even were we to assume, however, that the order restoring respondent's license was based on the implied rejection by the court of all of the appellant's evidence, the judgment yet must be reversed. The standard of review in this court tried case requires affirmance unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law or unless it erroneously applies the law. *Dent County Bank v. Reary,* 674 S.W.2d 650, 653 (Mo.App.1984). All of the evidence in the case supports a finding that respondent's license was properly suspended for an alcohol related traffic offense and that the requirements of § 302.510 were satisfied. There was no evidence to the contrary. The judgment as entered is therefore unsupported by any substantial evidence and is against the weight of the evidence. The judgment is subject to reversal on this ground regardless of the hypothesis respondent poses concerning implied findings of fact.

In his second point, respondent argues that the reversal of the suspension is sustainable on the ground that no evidence was offered to show compliance with § 302.510.1 in that the state exhibited no copy of a citation or complaint charging Bennett with an alcohol related traffic offense. The basis for the contention is the provision in the last cited section which requires the arresting officer to forward to the Department of Revenue a verified report of information relevant to the incident including a copy of the citation and complaint. Respondent asserts this omission

of proof is sufficient ground to affirm the trial court decision.

While it is true that § 302.510.1 does describe an administrative procedure for initiating the license suspension, there is no provision of this act which conditions license suspension on conviction of the driver for the underlying traffic offense or even on the prosecution of the offense. The conduct which causes suspension of driving privileges is defined in § 302.505 to be (1) arrest based on probable cause to believe the subject was driving while intoxicated and (2) a blood alcohol concentration of .13 percent or more. Compliance with the administrative detail of attaching or exhibiting a filed citation and complaint is not a prerequisite to validity of the suspension. Respondent's contention that the trial court's judgment could have been based on this omission is untenable.

The judgment of the circuit court ordering reinstatement of respondent's license privileges is reversed. The order by the Department of Revenue suspending respondent's driving license is reinstated for a period to be determined by the Department of Revenue in accordance with § 302.525.2. Costs are assessed against respondent.

All concur.