STATE of Missouri, Plaintiff–Appellant,

v.

Sally A. PURVIS,
Defendant–Respondent.

No. 15262.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 4, 1987.

Thomas Mountjoy, Pros. Atty., Joseph W. Rigler, Asst. Pros. Atty., Springfield, for plaintiff-appellant.

No appearance, for defendant-respondent.

HOLSTEIN, Judge.

Appellant, State of Missouri, filed a charge of driving while intoxicated against respondent, Sally A. Purvis. The State now appeals from an order of the trial court suppressing the testimony of the arresting officer, as authorized by § 547.200 and Rule 30.02.[1] The sole issue presented on appeal is whether the trial court was precluded, under the principles of collateral estoppel, from making its own determination as to whether or not a law enforcement officer had probable cause to make an arrest of Purvis because an administrative hearing officer, in an administrative proceeding to suspend or revoke Purvis' driver's license, pursuant to § 302.530, found that there was "no evidence in file on probable cause." We reverse.

Purvis was arrested April 18, 1984, and charged with driving while intoxicated pursuant to § 577.010. Thereafter, she was notified by the Director of Revenue that her driver's license was being administratively suspended pursuant to § 302.505. She requested a hearing which was held on June 5, 1984, and attended by Purvis' attorney. The only record of what occurred at the hearing is found in the "Findings and Order" of the hearing officer. That document states as follows:

> After due consideration of the evidence presented therein, the Department of Revenue finds that:
> 
> . . . .
> 
> no evidence in file on probable cause. IT IS, THEREFORE, ORDERED that the Notice of Suspension herein be, and hereby is, RESCINDED, and that no ad-

ministrative action be taken incident thereto.

On June 18, 1987, the driving-while-intoxicated case finally came on for trial. Prior to trial, an oral motion to suppress the arresting officer's testimony was made by Purvis. The motion was sustained by the trial judge, who stated:

> (T)he administrative law judge had made a determination that there was no probable cause to believe that there was intoxication and, therefore, had dismissed the administrative proceeding, and that that was not appealed from and he said that that was a final judicial determination
> 
> . . . .
> 
> Therefore, I determine at this time that the issue of probable cause is predetermined by operation of collateral estoppel, and that I am bound to find that there was no probable cause for the arrest of defendant in this case.

■ In determining whether the State is estopped to assert facts determined in a collateral proceeding, a court must consider (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action, (2) whether the prior adjudication resulted in a judgment on the merits, (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication, and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior suit. *Hudson v. Carr*, 668 S.W.2d 68, 70 (Mo. banc 1984); *McKee v. Wilmarth*, 728 S.W.2d 699, 700 (Mo.App.1987).

■ The second criterion, noted above, requires us to determine whether the prior adjudication resulted in a judgment on the merits. Collateral estoppel forecloses a party from litigating those issues or questions actually litigated and unambiguously decided in the earlier case. *Davis v. Stewart Title Guaranty Co.*, 695 S.W.2d 164, 165 (Mo.App.1985). In the administrative proceeding, the administrative hearing officer avoided making a finding that the ar-

1. Unless otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S. and all references to rules are to Missouri Rules of Court, V.A.M.R.

resting officer had no probable cause for Purvis' arrest. On the form used by the administrative hearing officer to enter his findings and order, there is a block which, if checked, would find the evidence did not support a finding of probable cause. That block was not checked. Rather, next to a block which was checked and followed by the word "other," was the finding of "no evidence in file on probable cause." This entry created an ambiguity as to precisely what was decided in the administrative hearing. Where there is uncertainty as to whether the same issues were necessarily determined in the prior case, collateral estoppel does not apply. *State v. Clark*, 646 S.W.2d 409, 410 (Mo.App.1983).

The failure to check the block making a finding of no probable cause for arrest strongly suggests that the administrative hearing officer was terminating the proceeding because of flaws in the officer's report on file. The event which triggers administrative action under § 302.505 is the forwarding of a verified report by a law enforcement officer to the Department of Revenue containing "all information relevant to enforcement action, including ... a statement of the officer's grounds for belief that the person violated § 577.010 or § 577.012 ..." § 302.510.1. Some matters may be omitted from the verified officer's report which are not essential to administrative action. For example, it is not essential that a copy of the citation and complaint filed in a criminal case be attached to the report in order to revoke or suspend a driver's license in the administrative proceeding. *Bennett v. Director of Revenue*, 705 S.W.2d 118, 120 (Mo.App.1986). However, under some circumstances, deficiencies in the verified report may be fatal to the sustention of the suspension at the administrative review level. *Leach v. Director of Revenue*, 705 S.W.2d 125, 127 (Mo.App.1986). The administrative hearing officer's findings suggest that he simply examined the file and concluded that the law enforcement officer's report was deficient. By examining the administrative findings and order, it is impossible to say that the administrative hearing officer made his decision on any basis other than

the preliminary and technical basis of deficiencies in the arresting officer's report. A judgment on the merits for purposes of determining applicability of the doctrine of collateral estoppel is one rendered after argument and investigation, when it is determined which party is in the right, as distinguished from a judgment rendered upon some preliminary or merely technical point, or by default, and without trial. *Bi-State Development Agency v. Whelan Security Co.*, 679 S.W.2d 332, 336 (Mo.App. 1984).

While not essential to the decision here, there are other decisions of the courts of this state, and statutory provisions, which are persuasive that the result here is correct. The legislature has declared that in an administrative proceeding to revoke or suspend a driver's license, "the determination of these facts by the Department (of Revenue) is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence." § 302.505. The operation of a motor vehicle while under the influence of intoxicants gives rise to separate and independent proceedings, one civil and one criminal, and the outcome of one proceeding is of no consequence to the other. *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978); *Duncan v. Safety Responsibility Unit, Department of Revenue*, 550 S.W.2d 619, 622 (Mo.App. 1977); *State v. Byerly*, 522 S.W.2d 18, 20 (Mo.App.1975).

We reverse the order suppressing the evidence and remand the case for further proceedings consistent with this decision.

CROW, C.J., and GREENE, P.J., concur.