Robert J. MEEH, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. 52553.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1987.

violation of a municipal ordinance.[1]  Respondent submitted to a breathalyzer test at the St. George police station which revealed that his blood-alcohol content exceeded .13 percent.  The Missouri Director of Revenue, appellant (hereinafter Director), then suspended respondent's driving privilege pursuant to RSMo § 302.505 (1986).  Respondent requested a hearing to review the administrative suspension.  The Missouri Department of Revenue held a hearing pursuant to RSMo § 302.530 (1986) after which the Department hearing officer sustained the Director's suspension of respondent's driving privilege.

Respondent petitioned for a trial de novo in the St. Louis County Circuit Court.  Prior to a trial on the merits, respondent filed a motion for summary judgment alleging that the information [2] charging respondent was not signed by the prosecutor, which therefore rendered the proceedings void *ab initio*.  The trial court sustained respondent's motion and reinstated his driver's license.  The Director of Revenue appeals.

On appeal the Director argues that while the failure of the prosecutor to sign the information may render the underlying ordinance violation proceeding void, the administrative suspension is independent of said underlying action.  Therefore the trial court erred in sustaining respondent's motion for summary judgment.  We agree.

James Artelle Chenault, Public Counsel, Jefferson City, for appellant.

Ted Frank Frapolli, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

On December 12, 1985, St. George Police arrested Robert J. Meeh, respondent-motorist, for driving while intoxicated in

Section 302.505 provides the basis for administrative suspension or revocation of drivers' licenses.  RSMo § 302.505 (1986).  A motorist is subject to suspension if: (1) he or she was arrested upon probable cause to believe he or she was driving while intoxicated or with excessive blood alcohol content, and (2) chemical analysis of the motorist's blood or breath revealed that his or her blood alcohol content was .13 percent or greater.  RSMo § 302.505.1 (1986);

1. The record before us does not reveal whether respondent was arrested for the violation of a municipal or county ordinance.  Appellant states in its brief that it was a "municipal arrest."  Regardless, violations of Missouri statutes, municipal or county ordinances for driving while intoxicated are treated the same for

purposes of administrative revocation or suspension.  *See* RSMo §§ 302.500–.540 (1986).

2. The information in this case was a Missouri Uniform Traffic Ticket.

*Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). The Director may suspend a motorist's license pursuant to § 302.505 upon his determination that the motorist's blood alcohol content was at least .13 percent at the time he or she had been driving. *Id.*

■ In his motion for summary judgment respondent alleged that the administrative proceedings were void *ab initio.* On appeal respondent further argues that his arrest was the initiation of the proceedings, and therefore the arrest was also void. Respondent cites *State v. White* as authority for this proposition. *State v. White,* 429 S.W.2d 277, 281 (Mo.App., W.D. 1968). In *State v. White,* the Western District held that all proceedings in the municipal court were void because the prosecutor failed to sign the information. *Id.* But the Western District did not mention the arrest. We read *State v. White* to mean that all court proceedings on the ordinance violation were void, but the appellate court's silence regarding the arrest did not render the arrest void.[3] Similarly, although court proceedings on the ordinance violation initiated by the defective information in the present case would be void, the defective information did not render the arrest void.

Section 302.505 provides in part:

1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

. . . .

3. The determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect any suspension or revocation under this section. RSMo § 302.505.1,.3 (1986). We believe that this statute clearly states that an administrative suspension is independent from any criminal action on an ordinance violation arising from the same act. Regardless of whether a separate criminal charge is brought, succeeds, or fails, the Director may suspend or revoke a driver's license pursuant to the statute. *See Bennett v. Director of Revenue,* 705 S.W.2d 118, 120 (Mo.App., W.D.1986).

The legislature's intent to provide a separate mechanism for punishing violators of alcohol related traffic laws is further illustrated in RSMo § 302.525 (1986). Section 302.525.4 provides that where a driver's license is suspended both pursuant to the administrative action and in a court proceeding on an ordinance violation, the term of the administrative suspension shall be credited against the term of the suspension pursuant to the court action; the total suspension shall not exceed the longer of the two terms. RSMo § 302.525 (1986). The statute allows the suspension of a driver's license by both administrative and court actions, but avoids double punishment for the same offense. This further implies that the administrative action is in no way dependent upon the criminal action.

We reverse the decision of the trial court and remand for further proceedings on respondent's petition for a trial de novo consistent with this opinion.

REINHARD and CRIST, JJ., concur.

---

**3.** Respondent cites no authority for the proposition that an arrest is the initiation of court proceedings. Criminal proceedings are initiated in court with the filing of an information or indictment by the prosecutor. A trial court acquires jurisdiction upon the filing of a sufficient information or indictment. *See State v. Handley,* 585 S.W.2d 458, 461 (Mo.1979).