Edward Lewis FAY, Respondent,

v.

DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.

No. 54124.

Missouri Court of Appeals, Eastern District, Division One.

Nov. 1, 1988.

William L. Webster, Atty. Gen., Cynthia Beth Green, Dept. of Revenue, Jefferson City, for appellant.

Stephen Roy Fleddermann, St. Charles, for respondent.

CRIST, Judge.

Director of Revenue appeals from the trial court's order reinstating driver's driving privileges, asserting the reinstatement was against the weight of the evidence. We reverse.

On November 4, 1987, the trial court ruled:

Cause called. Parties appear. Evidence adduced by stipulation of facts and submission of Police Report.

Court finds the issues in favor of Petitioner. Petitioner's drivers license ordered reinstated....

The police report reveals: On June 8, 1987, at 9:29 p.m., the arresting officer observed driver operating a motor vehicle on several city streets. The eastbound driver was observed weaving into the westbound lane, speeding, and applying the brakes of the vehicle erratically.

After the vehicle was stopped, the officer noticed driver's eyes were bloodshot, his speech slurred, and his breath had a strong smell of alcohol. After failing several field sobriety tests, driver was arrested for driving while intoxicated. After his arrest, driver was given a breath analysis test which revealed he had a blood alcohol concentration of .13%. Driver's license was seized in accordance with § 302.505, RSMo 1986.

We give great deference to the trial judge's determination regarding the credibility of witnesses; however, in cases submitted solely upon a written record, no such deference is warranted. *Bennett v. Director of Revenue*, 705 S.W.2d 118, 119 [1] (Mo.App.1986); *Landmark Bank v. First National Bank in Madison*, 738 S.W.2d 922, 925 [3] (Mo.App.1987); *Southgate Bank & Trust Co. v. May*, 696 S.W.2d 515, 519 [5] (Mo.App.1985).

A review of the evidence supports a finding that the suspension of driver's driving privileges was warranted. There was no evidence whatsoever supporting the trial court's reinstatement. We reverse the reinstatement order as being unsupported by the evidence.

JUDGMENT REVERSED.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.