Robert E. LOCK, Respondent,

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. 55043.

Missouri Court of Appeals, Eastern District, Division One.

April 4, 1989.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Cynthia Beth Green, Special Asst. Attys. Gen., Jefferson City, for appellant.

Frank A. Anazalone, St. Louis, for respondent.

CRIST, Judge.

Director of Revenue appeals an order of the circuit court which, after trial de novo, reinstated respondent's (driver) driver's license, which had been suspended for driving with a blood alcohol concentration of thirteen-hundredths of one percent or more by weight. We reverse.

Driver was arrested following a traffic accident in the City of St. John for violating St. John city ordinance 32.108, driving while intoxicated. Driver was given a breathalyzer test which revealed his blood alcohol content to be .30% by weight, and he was given a notice of suspension of his driver's license by the arresting officer. Driver requested administrative review of his suspension, and after a hearing, the suspension was sustained.

Driver petitioned for a trial de novo in the circuit court. At the trial de novo, stipulated evidence was admitted, which included the police report, a copy of the ordinance driver was charged with violating, and the blood alcohol test report. After reviewing the evidence, the trial judge ordered driver's license reinstated. As his reason the trial judge stated the penalty provision of the city ordinance prohibiting driving while intoxicated had not been admitted into evidence.

Director asserts the penalty provision of the city ordinance was not relevant to the trial de novo, so it could not be a basis for reinstatement of driver's license. We agree.

At trial de novo, Director bore the burden of proving driver was arrested with probable cause to believe he was driving while intoxicated and he was found to have a blood alcohol content of .13 percent or more. *Thurman v. Director of Revenue,* 745 S.W.2d 260, 261[2] (Mo.App.1988). § 302.505.1, 3, RSMo 1986. The penalty provision of the city ordinance had no relevance to the issues to be decided for administrative suspension of driver's license. This determination was independent of, and not affected by, the adjudication or disposition of the criminal charges arising out of the same occurrence. § 302.505.1, 3, RSMo 1986; *Meeh v. Director of Revenue,* 741 S.W.2d 866, 868[2] (Mo.App.1987).

Because the Director introduced stipulated evidence showing probable cause for driver's arrest and that his blood alcohol content was in excess of .13 percent, the suspension of driver's license should have been sustained. *Fay v. Director of Revenue,* 759 S.W.2d 879 (Mo.App.1988).

Judgment of the trial court is reversed and the finding of the administrative hearing officer is reinstated.

CRANDALL, P.J., and KAROHL, J., concur.