**STATE of Maine**

v.

**David A. MacLEAN.**

Supreme Judicial Court of Maine.

Argued June 6, 1989.

Decided July 6, 1989.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Asst. Dist. Atty., Alfred, for the State.

Daniel Warren (orally), Bean, Jones & Warren, Scarborough, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

The primary issue in this case concerns the relationship between an administrative hearing on the suspension of a driver's license and a criminal trial for operating under the influence. We conclude that the State has no right to appeal the Secretary of State's administrative decision and that such a decision has no res judicata or collateral estoppel effect on the criminal proceeding. Accordingly we affirm the judgment of the Superior Court (York County, *Lipez, J.*).

The defendant was charged in the District Court with operating with excessive blood alcohol or under the influence of intoxicating liquor in violation of 29 M.R.S.A. § 1312–B (pamph.1988). Ultimately he removed the action to Superior Court for a jury trial. In the interim he obtained an administrative hearing before the Secretary of State under 29 M.R.S.A. § 1311–A(7) & (8) (pamph.1988). The Secretary of State's hearing examiner found that he had not "operated with an excessive blood alcohol" and rescinded the suspension of his driver's license.

The day before the scheduled opening of his jury trial in the Superior Court, and

almost four months after the hearing examiner's decision, the defendant filed a motion to suppress or in the alternative to dismiss on the grounds of res judicata. The Superior Court denied the motion as untimely and in the process observed that the res judicata argument was doomed to failure in any event. At his trial, the defendant's theory was that the breathalyzer test, which registered a .10% approximately 25 minutes after the stop, did not reflect his actual state of intoxication at the time of the stop because the alcohol had not then been absorbed into his bloodstream. In this connection he sought unsuccessfully to introduce the result of a so-called ALERT test the police officer had administered earlier showing a reading of .05% to .09%. In closing argument, the prosecutor referred without objection to facts not in evidence and argued to the jury certain facts that the defendant had been precluded from rebutting because of the exclusion of the ALERT test.

■■ Under M.D.C.Crim.R. 40(a) the defendant waived his motion to dismiss or suppress by failing to present it to the District Court prior to transfer. No motion for enlargement of time was filed within the time limit, M.D.C.Crim.R. 45(b). The defendant has attempted to justify his late filing (presumably under Rule 45(b)(2)) on the grounds that the State had 30 days to appeal the Secretary of State's decision and following the running of the 30 days he spent the remaining time in unsuccessful attempts to obtain a transcript of the administrative hearing. It is perfectly clear, however, that the State had no right to appeal the Secretary of State's decision. Rights of appeal are granted only to "any person whose license is suspended under this section." 29 M.R.S.A. § 1311–A(8)(E). This specific language precludes the application of the broader appeal language of the Administrative Procedure Act. 5 M.R. S.A. § 11001 (1989). Thus the Secretary of State's decision was final when made on July 6, 1988. Whether or not a transcript would ultimately have been helpful in resolving the res judicata factors set forth in *Town of N. Berwick v. Jones*, 534 A.2d 667, 670 (Me.1987), it certainly was not neces-

sary to the filing of the motion. Consequently, there was no excusable neglect in failing to file the motion prior to transfer, and we conclude that the Superior Court was entirely correct in denying the defendant's motion to dismiss or suppress as untimely. It is just such last-minute motions that Rule 40(a) was designed to prevent.

■■ Although we have not previously had the occasion to rule on whether the State can appeal a Secretary of State hearing examiner's decision not to suspend a license, this defendant suffers no prejudice from our ruling. As the Superior Court observed, the res judicata argument was destined to lose in any event. In *Town of N. Berwick* we explicitly pointed out that our decision concerning the res judicata effect of an administrative decision is controlled by any contrary statutory language. 534 A.2d at 670. The statute concerning administrative license suspensions explicitly provides (with exceptions not relevant) that:

> the determination of these facts by the Secretary of State is independent of the determination of the same or similar facts in the adjudication of any civil or criminal charges arising out of the same occurrence.

29 M.R.S.A. § 1311–A(2)(C). The language could not be clearer. There is no res judicata or collateral estoppel effect to the Secretary of State's decision.

■■ The trial court was correct in refusing to admit the ALERT test results into evidence. *State v. Ifill*, 560 A.2d 1075, 1076–77 (Me., 1989). The prosecutor argued in closing, however, that, contrary to the defendant's contentions, he had shown no difficulty in breathing. In fact, the defendant had shown difficulty in performing the ALERT test but was not permitted to introduce that into evidence because of the trial justice's exclusion of the ALERT test results. When the defendant objected to this closing argument, the trial justice directed the jury to disregard that portion of the State's argument. We are satisfied

that the curative instruction adequately cured any unfairness.

 The prosecutor also argued that, contrary to the defendant's contentions, he had been drinking "all day." There was no evidence in the record to support that assertion. The defendant, however, did not object. We review, therefore, only for obvious error, M.R.Crim.P. 52(b), and will vacate only if the prosecutor's argument constituted a seriously prejudicial error tending to produce manifest injustice. *State v. Green*, 512 A.2d 330, 334 (Me.1986). There was an abundance of evidence in this record concerning the actual amount the defendant had drunk, how he performed on the field sobriety tests, his admitted lying to the trooper concerning the fact that he had been drinking at all and his performance on the blood alcohol test. In addition, the trial justice instructed the jury that it was their recollection of the testimony, not the prosecutor's closing argument, that controlled their determination of the facts. We are satisfied under these circumstances that the prosecutor's statements did not amount toa seriously prejudicial error tending to produce manifest injustice.

Finally, there was sufficient evidence in the record from which the jury could rationally conclude beyond a reasonable doubt that the defendant was guilty of the offense charged.

The entry is:

Judgment affirmed.

All concurring.