STATE of Missouri, Plaintiff–
Respondent,

v.

Samuel WARFIELD, Defendant–
Appellant.

No. 18225.

Missouri Court of Appeals,
Southern District,
Division Two.

April 29, 1993.

Motion for Rehearing or to Transfer
Denied May 21, 1993.

Scott E. Thomsen, Jackson, for defendant-appellant.

Cristy L. Baker–Neel, Pros. Atty., Scott County, Benton, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of driving while intoxicated, § 577.010,[1] a Class B misdemeanor. The punishment imposed by the court, pursuant to defendant's request that the court sentence him, consisted of a $300 fine and a term of three months in jail. Execution of the imprisonment was suspended, and defendant was placed on probation. Defendant appeals.

Defendant's sole point is that the trial court erred in overruling his motion to dismiss. The motion was filed and overruled on the morning of the jury trial and prior to its commencement. Defendant contends that the motion should have been sustained on the ground of collateral estoppel because the issue of whether defendant was the driver at the time of the alleged offense had previously been heard by an administrative hearing officer who found that defendant was not the driver. For three

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Mis- souri Rules of Court, V.A.M.R.

independent reasons, this point has no merit.

Defendant does not challenge the sufficiency of the evidence to support the verdict. In addition to its formal portions, the information charged that the defendant committed the Class B misdemeanor of driving while intoxicated, "in that on or about January 19, 1992, along the 200 block of Fuchs Street in the City of Sikeston, County of Scott, State of Missouri, the defendant operated a motor vehicle while under the influence of alcohol."

The state's witnesses were Christopher Graves and George Trout, both police officers of the city of Sikeston. Graves testified that in the early morning of January 19, 1992, he saw defendant driving an automobile on Fuchs Street in Sikeston. Defendant failed to stop at a stop sign. The officers pursued defendant in their patrol car, and defendant stopped in a driveway. Graves spoke with defendant, who was sitting in the driver's position. Defendant was intoxicated. With him was a male passenger. Officer Trout's testimony confirmed that of Officer Graves.

Testifying in his own behalf, defendant told the jury that he was a passenger in his own car and that the driver was Kevin Motton. Motton gave similar testimony. The verdict shows that the jury did not believe defendant's evidence.

Defendant's motion to dismiss, signed by his counsel, stated that it was based on collateral estoppel. The motion also stated:

The allegations set forth in the information have previously been heard, argued, and decided in a prior adversarial administrative proceeding. The said defendant was determined to be not guilty of operating a vehicle in an intoxicated condition in the aforementioned proceeding which required a less burdensome standard of proof than in the present proceeding.

The motion was not verified. Attached to the motion were two pages, each a machine copy of a document. The first document is a letter dated April 29, 1992, from the Department of Revenue to the defendant. That letter reads: "The result of your Administrative Hearing was in your favor; therefore, no action can be taken against your driving privilege under the Administrative Driving While Intoxicated Law. Your Missouri Drivers License is enclosed. If you have any questions regarding your driving privilege, please feel free to contact this office."

The second document is Missouri Department of Revenue Form 2504, entitled "Findings and Order." That document states, in pertinent part: "Pursuant to [defendant's] written request, an Administrative Hearing was held in [Scott County] on the 31st day of March, 1992. In attendance were [defendant] and 'other witnesses, Kevin Motton and Andrew J. Sales, Jr.'" Under the heading "Findings and Order," this document states: "The evidence established that the Petitioner was not the driver of the motor vehicle." The document bears the signature of O. Jones Gibran, Jr., who is described as "authorized hearing officer."

■ "Allegations in a motion or in a brief unsupported by the record cannot be the basis of error. *State v. Hummel,* 652 S.W.2d 749, 751 (Mo.App.1983); *State v. Friend,* 607 S.W.2d 902, 904 (Mo.App. 1980)." *State v. Carr,* 687 S.W.2d 606, 611[8] (Mo.App.1985).

Section 302.312 reads:

Copies of all papers and documents lawfully deposited or filed in the offices of the department of revenue or the bureau of vital records of the department of health and copies of any matter recorded in the offices, *properly certified by the appropriate custodian or the director,* shall be admissible as evidence in all courts of this state in the same manner and with like effect as the originals. (Emphasis added.)

The attachments to defendant's motion are not "properly certified by the appropriate custodian or the director." There is no certification at all. Certification is required for the documents to be admissible under § 302.312. *Hadlock v. Director of Revenue,* 1992 WL 348965 (No. WD 45756, filed November 17, 1992).

Further, nothing in either attachment mentions the occurrence involved or its

date or location. Even if the documents are accorded facial authenticity, there is nothing in them to show that the administrative proceeding involved the same transaction which was the subject of the jury trial.

Further, § 302.505 deals with the procedure for suspending or revoking the driver's license of any person who is arrested upon probable cause to believe that he was driving a motor vehicle with a blood alcohol concentration in excess of the lawful limits. Section 302.505.2 provides that the department shall determine the facts on the basis of the report of a law enforcement officer unless a hearing is requested and held, in which event the department makes a final determination on the basis of evidence received at the hearing.

Section 302.505.3 reads: "The determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect any suspension or revocation under this section."

Missouri cases hold that, for collateral estoppel purposes, no relationship exists between a determination of fact made in a criminal case and a determination of fact made in an administrative proceeding under § 302.505. They include *Humbert v. Benton*, 811 S.W.2d 501 (Mo.App.1991), *Lock v. Director of Revenue*, 767 S.W.2d 385 (Mo.App.1989), *Meeh v. Director of Revenue*, 741 S.W.2d 866 (Mo.App.1987), and *State v. Purvis*, 739 S.W.2d 589 (Mo. App.1987). See also *Borchelt v. Director of Revenue*, 806 S.W.2d 95 (Mo.App.1991). See, generally, 30 A.L.R.4th 856 (Doctrine of res judicata or collateral estoppel as barring relitigation in state criminal proceedings of issues previously decided in administrative proceedings).

In *Humbert, Lock,* and *Meeh*, the Director of Revenue appealed from a judgment of a circuit court which reversed the director's revocation or suspension of an operator's license in a proceeding under § 302.505. *Borchelt* involved an appeal by the director from a circuit court judgment which had reversed the director's revocation of an operator's license pursuant to § 577.041.1 because the driver had refused to submit to a chemical test of his breath after being arrested for driving while intoxicated.

In *Humbert, Lock, Meeh,* and *Borchelt*, the criminal proceeding preceded the administrative proceeding. In *Purvis*, the administrative proceeding preceded the criminal proceeding. In all, the collateral estoppel doctrine was held to be inapplicable.

*Purvis* was a criminal proceeding involving a driving while intoxicated charge against the defendant. The state appealed from the order of the trial court suppressing certain testimony of the arresting officer. The trial court based its ruling on a finding of an administrative law judge in a suspension proceeding under § 302.505. Reversing the trial court's order, this court said, at 591:

> The legislature has declared that in an administrative proceeding to revoke or suspend a driver's license, "the determination of these facts by the Department (of Revenue) is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence." § 302.505.[2] The operation of a motor vehicle while under the influence of intoxicants gives rise to separate and independent proceedings, one civil and one criminal, and the outcome of one proceeding is of no consequence to the other. *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978); *Duncan v. Safety Responsibility Unit, Department of Revenue*, 550 S.W.2d 619, 622 (Mo.App.1977); *State v. Byerly*, 522 S.W.2d 18, 20 (Mo.App.1975).

In *Meeh*, referring to § 302.501.1 and .3, the court said, at 868:

> We believe that this statute clearly states that an administrative suspension is independent from any criminal action

---

**2.** In *Miller v. Director of Revenue*, 719 S.W.2d 787, 789, n. 1 (Mo. banc 1986), the court said: "Section 302.505.3 expressly directs that pro- ceedings instituted under the Act are independent of criminal charges which may also flow from a driver's conduct."

on an ordinance violation arising from the same act. Regardless of whether a separate criminal charge is brought, succeeds, or fails, the Director may suspend or revoke a driver's license pursuant to the statute.

The court also pointed out, at 867, n. 1, that violations of Missouri statutes or ordinances for driving while intoxicated are treated the same for purposes of administrative revocation or suspension of licenses.

In *Lock*, the court, at 386, citing § 302.-501.1 and .3, and *Meeh*, said that the determination of issues to be decided for administrative suspension of a driver's license "was independent of, and not affected by, the adjudication or disposition of the criminal charges arising out of the same occurrence."

In *Humbert* the fact that the driver had been acquitted, in a criminal case, of driving while intoxicated was held not to have collateral estoppel effect, on the issue of lack of probable cause, in an administrative proceeding by the director to revoke the driver's license. The court said, at 502:

[I]t is well-settled that a finding of lack of probable cause in a criminal case (here, driving while intoxicated, § 577.-010, RSMo, 1986) is not res judicata in an administrative proceeding by the Director to revoke a driver's license; nor does collateral estoppel preclude the Director from presenting evidence on the issue of probable cause in the revocation hearing because the driver has been acquitted of DWI in the criminal case.

Out-state authorities support the proposition that a finding of fact made by an administrative body in a license revocation proceeding has no collateral estoppel or res judicata effect in a subsequent criminal prosecution for driving while intoxicated. *State v. Ratliff,* 304 Or. 254, 744 P.2d 247 (1987); *State v. MacLean,* 560 A.2d 1088 (Me.1989).

Defendant's brief says:

Reliance upon Section 302.505.3, to hold that collateral estoppel would not apply and the State should not be estopped from relitigating the issue of whether defendant was the operator of the motor vehicle would be mis-

placed.... [T]he rule of collateral estoppel is embodied in the Fifth Amendment guarantee against double jeopardy. [Citing *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195[8], 25 L.Ed.2d 469 (1970).]

The Supreme Court of Oregon, in *Ratliff,* rejecting a similar argument, said, 744 P.2d at 248:

The constitutional basis for collateral estoppel is founded on the principle of double jeopardy. *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469 (1970). In the present case there is no constitutional basis for a double jeopardy challenge because no criminal sanctions could be imposed as a consequence of the first proceeding.

In *MacLean,* the Supreme Judicial Court of Maine dealt with a statute of that state which is remarkably similar to § 302.505.3. Under the Maine statute, the Secretary of State plays the same role in license revocation proceedings as the Missouri Department of Revenue does under § 302.505.

In *MacLean* the court said, at 1090:

[O]ur decision concerning the res judicata effect of an administrative decision is controlled by any contrary statutory language. The statute concerning administrative license suspensions explicitly provides (with exceptions not relevant) that:

the determination of these facts by the Secretary of State is independent of the determination of the same or similar facts in the adjudication of any civil or criminal charges arising out of the same occurrence.

29 M.R.S.A. § 1311–A(2)(C). The language could not be clearer. There is no res judicata or collateral estoppel effect to the Secretary of State's decision.

Defendant's point has no merit.

The judgment is affirmed.

MONTGOMERY, P.J., and GARRISON, J., concur.