**STATE of Missouri, Respondent,**

v.

**John W. HOYT, Appellant.**

**No. WD 51306.**

Missouri Court of Appeals, Western District.

May 28, 1996.

---

James J. Wheeler, Wheeler and Wheeler, Keytesville, for appellant.

James Bradley Funk, Assistant Prosecuting Attorney, Macon County, Macon, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

John Hoyt appeals from his class B misdemeanor conviction of driving while intoxicated, Section 577.010 RSMo 1994. He asserts that the trial court erred in: 1) overruling his motion to dismiss in that res judicata and collateral estoppel prohibited the state from filing charges again after the first charge was dismissed; 2) denying his motion for dismissal because the criminal prosecution and the license revocation proceeding emanated from the same occurrence, were penalties for the same occurrence, and constituted double jeopardy; 3) overruling his motion for dismissal because the doctrine of collateral estoppel precluded the prosecution from relitigating the matter after the Department of Revenue found insufficient evidence that he was driving the vehicle; and 4) in overruling his motion for judgment of acquittal at the close of the evidence, claiming insufficient evidence was presented to prove he was driving.

The judgment is affirmed.

## I. Pre-trial procedure

John Hoyt was charged by information with the class B misdemeanor, driving while intoxicated, on April 29, 1994, in Macon County. The case was transferred to Linn County on a change of venue. The case was dismissed for failure to prosecute when the continuance the State requested was found not to be in proper form. On September 19, 1994, six days after the dismissal, the charge was refiled in Macon County.

Mr. Hoyt filed a Motion to Dismiss due to the prior dismissal. The motion was overruled. He then filed his Motion to Dismiss, claiming double jeopardy because the administrative procedure to revoke his license had been initiated and criminal prosecution was initiated also. The trial court found all the factual allegations of the motion to be true but concluded that they did not constitute double jeopardy.

## II. Facts

The following evidence was produced at trial. Mike Applegate, a Macon police officer, responded to a call that a vehicle near Macon was in a ditch. Upon arrival, he found the front end of the vehicle down in the ditch with the rear of the vehicle elevated toward the road. The engine of the vehicle was running and the lights were on. Mr. Hoyt was inside the car slumped over the steering wheel. Officer Applegate pounded on the driver's side window but observed no response from Mr. Hoyt. He then returned to his patrol car to call for an ambulance.

While at his patrol car, he noticed the taillight of the Hoyt vehicle go out and movement inside the vehicle. The occupant appeared to slide across to the passenger side of the vehicle. The officer went back to the vehicle and tried to get Mr. Hoyt's attention but he still received no response.

An ambulance arrived within two to three minutes. Trooper Vicki Fohey, Missouri Highway Patrol, arrived shortly after the ambulance.[1] The trooper walked to the Hoyt vehicle. The door was open. She immediately noticed a strong odor of alcoholic beverage. Trooper Fohey requested Mr. Hoyt's driver's license, and he acted confused. He denied driving the vehicle and asked if the trooper had "gotten the two black guys" who were driving his car.

Trooper Fohey did not administer any field sobriety tests because Mr. Hoyt was unable to stand by himself. She placed him under arrest for driving while intoxicated

---

1. The Missouri State Highway Patrol assumed investigative jurisdiction at the scene of the accident because the location was outside of the Macon Police Department's jurisdiction.

and took him to the Macon County Sheriff's department for processing. While preparing the BAC Verifier (breathalizer machine) to test Mr. Hoyt, he passed out, falling to the floor unconscious. Upon being revived by an ammonia capsule, Mr. Hoyt accused Trooper Fohey of striking him in the head. Trooper Fohey testified that in her opinion, Mr. Hoyt was intoxicated

An ambulance was called to the Sheriff's department, and Mr. Hoyt was taken to the hospital. At the hospital, a blood sample was taken. Mr. Hoyt's blood alcohol content was .25 percent.

Mr. Ronald Grafton, a long time friend of Mr. Hoyt, testified that he had seen Mr. Hoyt outside the Beaumont Room talking to a couple of "black guys" and that he appeared to be quite drunk. Mr. Grafton testified that Mr. Hoyt told him these two men were going to take him to a motel in exchange for money he had paid them. Mr. Grafton testified that he was concerned for Mr. Hoyt and followed his vehicle. A short distance later he saw the vehicle in the ditch and the two black men running from the scene. Mr. Grafton asked his friend if he needed help, and Mr. Hoyt told him that he would just sleep it off. Mr. Grafton left Mr. Hoyt in the ditch and drove home.

Mr. Hoyt testified at trial in his own behalf. He claimed that he had too much to drink and was shoved by a black man as he was leaving the Beaumont Room. He then offered the man and his friend, neither of whom he knew, $50.00 to take him to a motel. He did not remember being at the police station until hearing the evidence at trial.

The jury returned its verdict of guilty and recommended a fine to be determined by the court as punishment. The Court sentenced Mr. Hoyt to pay a fine of $250.00 and costs. This appeal followed.

### III. Res Judicata, Collateral Estoppel and Double Jeopardy by Earlier Dismissal and Refiling

Mr. Hoyt asserts as his first point on appeal that the trial court erred in overruling his motion to dismiss because the initial charge had been dismissed for failure to prosecute, and res judicata and collateral estoppel prohibit the state from filing the charges again.

■ Res judicata operates as a bar to the assertion of a cause of action which has previously been adjudicated in a proceeding between the parties or those in privity with the parties. *State ex rel. Shea v. Bossola,* 827 S.W.2d 722, 723 (Mo.App.1992). Res judicata and collateral estoppel require that prior claims be decided on the merits. *Korte Trucking Co. v. Broadway Ford Truck Sales,* 877 S.W.2d 218 (Mo.App.1994). A dismissal based on procedural grounds is not an adjudication on the merits that effects a bar to a later trial. *Id.; O'Reilly v. City of Hazelwood,* 850 S.W.2d 96,98 (Mo. banc 1993). Since, no trial occurred on the merits, the state was not precluded by res judicata from refiling the charges against Mr. Hoyt.

■ Appellant's argument asserts a claim of double jeopardy rather than res judicata. However, a defendant is not placed in jeopardy in a jury trial until the jury has been properly impaneled and sworn. *In re L.L.W.,* 626 S.W.2d 261 (Mo.App.1981). Since no jury had been sworn, jeopardy had not attached, and the prosecution was free to refile the charge.

Point one is denied.

### IV. Revocation of Driver's License and Criminal Prosecution Double Jeopardy Claim

■ Mr. Hoyt asserts as his second point on appeal that the trial court erred in denying his motion for dismissal of the criminal charges because the proceeding for revocation resulted from the same factual scenario and constituted double jeopardy in violation of law. This issue was recently addressed by the Missouri Supreme Court in *State v. Mayo,* 915 S.W.2d 758 (Mo. banc 1996). The Supreme Court held that "the sanction of license revocation or suspension under Section 302.500, et seq., is not punishment for the purpose of the Double Jeopardy Clause." *Id.* at 763.

Point two is denied.

## V. Collateral Estoppel by Reason of the Administrative Hearing

For Mr. Hoyt's third point on appeal, he asserts that the trial court erred in overruling his motion for dismissal because the finding by the Department of Revenue that insufficient evidence existed to place him as the driver of the vehicle bars the state from litigating that issue.

 The doctrine of res judicata asserts that

> an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

*Winter v. Northcutt,* 879 S.W.2d 701, 705 (Mo.App.1994). For the doctrine of res judicata to apply, four requirements must exist: 1) identity of the thing sued for, 2) identity of the cause of action, 3) identity of the person and parties to the action, and 4) identity of the quality of the person for or against whom the claim is made. *Id.* Operation of a motor vehicle while intoxicated prompts two proceedings, one criminal and the other civil. *Humbert v. Benton,* 811 S.W.2d 501, 503(Mo.App.1991). One hearing is for the administrative revocation of the operator's license and the other a criminal prosecution for driving while intoxicated. The administrative review is remedial in nature and not to punish the individual. These two actions do not involve the identical "thing sued for." *Borchelt v. Director of Revenue,* 806 S.W.2d 95, 101 (Mo.App.1991); *Humbert,* 811 S.W.2d at 502. Section 302.505.3 makes clear that the criminal charges and the administrative determination are separate and distinct. The statute reads:

> Determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out to the same occurrence. Disposition of criminal charge shall not effect any suspension or revocation.

Section 302.505.3 RSMo 1995.

*State v. Warfield,* 854 S.W.2d 9 (Mo.App. 1993), presented a similar situation to the present case. The Director of Revenue in the administrative hearing preceding the criminal trial concluded that the defendant was not the operator of the vehicle. This determination was not res judicata in the criminal trial. The finding of fact by the administrative body in a license revocation proceeding has no collateral estoppel or res judicata effect in a subsequent criminal prosecution. *Id.* at 11.

The conclusion of the administrative hearing that insufficient evidence existed to conclude that Mr. Hoyt was driving the vehicle is not res judicata to the criminal prosecution for driving while intoxicated. The trial court correctly overruled Mr. Hoyt's motion to dismiss.

Point three is denied.

## VI. Sufficiency of the Evidence

For his final point on appeal, Mr. Hoyt asserts that the trial court erred in overruling his motion for judgment of acquittal at the close of all evidence because insufficient evidence was presented to support a finding of guilt in that no evidence was offered that he was driving the vehicle.

▪ When reviewing for sufficiency of the evidence, appellate courts do not weigh the evidence but accept as true all evidence tending to prove guilt. *State v. Sladek,* 835 S.W.2d 308, 310 (Mo. banc 1992). The state is given the benefit of all reasonable inferences, and any contrary inferences are disregarded. *State v. Sexton,* 890 S.W.2d 389, 391 (Mo.App.1995).

 To commit the offense of driving while intoxicated, a person must operate a motor vehicle while in an intoxicated or drugged condition. Section 577.010 RSMo 1995. Actual physical control exists where there is domination or regulation of a vehicle and exists even where the vehicle is motionless as long as the person is keeping the vehicle restrained or is in the position to

regulate its movements and the vehicle is running. *State v. Dey,* 798 S.W.2d 210 (Mo. App.1990). The occupant has even been found to be operating the vehicle where he is found asleep in the passenger seat with the engine running. *Taylor v. McNeill,* 714 S.W.2d 947 (Mo.App.1986).

Officer Applegate testified that when he arrived on the scene the vehicle was running, the lights were on and the occupant was slumped over the steering wheel. He then saw movement in the vehicle, and upon his next approach, the occupant was in the passenger seat leaning against the dash. This was sufficient evidence for a reasonable jury to find that Mr. Hoyt was in control of the motor vehicle while intoxicated.

Point four is denied.

### VII. Conclusion

The judgment·of conviction is affirmed.

·All concur.