**Antonio B. PAGANO, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. 69314.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 20, 1996.

David J. Sokolowski, Florissant, for respondent.

Rodney Massman, Government Counsel, Department of Revenue, Jefferson City, for appellant.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

Appellant, Director of Revenue for the State of Missouri ("Director"), appeals from the judgment of the Circuit Court of St. Charles County sustaining the motion of respondent, Antonio B. Pagano ("driver"), to set aside the suspension of driver's driving privileges by Director pursuant to RSMo §§ 302.500 *et seq.*[1] We affirm.

On March 23, 1995, driver was served a notice of suspension of his license for driving with a blood alcohol content ("BAC") of .10 percent or more, in violation of RSMo § 302.505.1. The suspension was upheld after an administrative hearing. Driver petitioned for a trial *de novo* pursuant to RSMo § 302.535.1. Driver subsequently filed a motion to rescind the administrative suspension. Driver asserted in his motion: he was charged with driving while intoxicated in violation of RSMo § 577.010 for the same offense at issue in the administrative suspension; on July 3, 1995, "the criminal action was disposed of with [driver] entering a plea of guilty to the charge of Driving While Intoxicated and the court suspending the imposition of sentence[;]" therefore, the civil sanction of suspending or revoking his license constituted double punishment for the same offense and violated double jeopardy.[2]

The trial *de novo* was held October 3, 1995. Driver's motion was submitted with the case. Director's evidence consisted primarily of the testimony of the arresting officer, Deborah Young, who testified to the following:

In the early morning hours of March 23, 1995, a Corvette passed Officer Young at a high rate of speed while she was traveling west on Highway 70. Officer Young followed the car, but it pulled away after Young's vehicle topped out at 125 miles per hour. Officer Young radioed ahead for assistance. The Corvette was pulled over by other officers. Officer Young observed the following when she arrived at the scene:

Q. Was the vehicle stopped then?

A. Yes.

Q. Did you approach [driver]?

A. Yes. He was already outside the vehicle, at the rear of the vehicle.

Q. Was there anyone else in the vehicle?

A. One other passenger.

Q. He was definitely behind the driver's side?

A. Yes.

Officer Young placed driver under arrest for careless and imprudent driving, and took his license. Officer Young identified driver in court as the person she arrested. After placing driver under arrest, Officer Young detected the smell of alcohol on his breath and noted his eyes were bloodshot. Officer Young brought driver to the police department, where she conducted a series of field sobriety tests, all of which driver failed. Officer Young added the charge of driving while intoxicated to the charge for which driver was already under arrest. Officer Young then administered a breathalyzer test to driver. The test result indicated that driver's BAC was .14 percent. Officer Young then testified as follows:

Q. Somewhere along the line did you conduct an interview with [driver]?

A. Yes.

Q. During that interview did you ask him some questions?

[DEFENSE COUNSEL]: Objection, Your Honor, this took place after apparently the additional charge of DWI was added and took place after he was arrested. It's irrelevant.

THE COURT: I will sustain the objection.

Q. Did you ask him any questions before taking the breath test about his speeding, that you couldn't catch up to him?

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. The Missouri Supreme Court has recently rejected the double jeopardy argument put forth by driver. *See State v. Mayo*, 915 S.W.2d 758, 762–763 (Mo.banc 1996).

[DEFENSE COUNSEL]: Same objection, Your Honor, it is not relevant.

THE COURT: I will sustain the objection as to this hearing, I agree.

Director made no offer of proof, and in fact asked no further questions of Officer Young.

At the close of Director's evidence, driver asserted there was no evidence on the record that driver was the operator of the vehicle, and Director therefore failed to meet ˙her burden of proof. Driver pointed out that Officer Young never witnessed driver operating the vehicle, nor, did she testify to any statements by driver that he was operating the vehicle. Driver further argued the fact Officer Young had the license of someone who was standing behind a vehicle when she arrived at the scene did not establish that person was in fact operating the vehicle. The trial court agreed, stating:

THE COURT: My inclination is to sustain the petition in view of the fact that there was no testimony placing [driver] behind the wheel.

You said the question was he was definitely behind the driver's side and there was somebody else in the vehicle. [Driver] never identified himself as the driver to the officer and we don't have anybody placing him behind the wheel.

\* \* \*

THE COURT: There could have been another officer brought in to place him behind the wheel. I think the evidence has failed to show that he was the driver and I think that it's something that could have been proven.

I will sustain the petition.

Director's appeal followed.

For her sole point on appeal, Director contends the trial court erred in setting aside the suspension of driver's driving privileges on the ground there was no evidence driver was operating the vehicle, in light of driver's

plea of guilty to the criminal charge of driving while intoxicated. Director asserts in her brief that while her "attempts to establish that [driver] had been driving by any admissions he made to the arresting officer were thwarted by the trial court sustaining [driver]'s objections to these questions on relevancy grounds[,]"[3] this testimony was not necessary, as driver's "admission that he had pled guilty to the underlying criminal DWI charge ... constituted a judicial admission of the facts charged therein; i.e., that he had operated a motor vehicle while in an intoxicated condition." Director further contends driver's double jeopardy motion

waived or dispensed with the production of evidence reflecting that he had been operating the vehicle, in that it served as [driver]'s admission of all the factual elements of the DWI charge, particularly the "driving" element of the "driving while intoxicated" charge. Therefore, it was not incumbent on [Director] to further prove up this issue.

We disagree.

■ The operation of a motor vehicle while intoxicated prompts two proceedings: a criminal prosecution for driving while intoxicated, and an administrative suspension or revocation of the driver's license. *State v. Hoyt*, 922 S.W.2d 443, 447 (Mo.App. W.D. 1996). "Section 302.505.3 makes clear that the criminal charges and the administrative determination are separate and distinct." *Id.* RSMo § 302.505.3 states:

The determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect any suspension or revocation under this section.

Accordingly, the issues decided in the administrative suspension of a driver's license are "independent of, and not affected by, the adjudication or disposition of the criminal charges arising out of the same occurrence." *Lock v. Director of Revenue*, 767 S.W.2d 385, 386 (Mo.App. E.D.1989). No relationship ex-

---

**3.** Because Director made no offer of proof with respect to any purported admissions by driver to Officer Young, we cannot review the exclusion of

this testimony for error. *See Frank v. Environmental Sanitation Management,* 687 S.W.2d 876, 883 (Mo.banc 1985).

ists between a determination of fact made in a criminal case and a determination of fact made in an administrative proceeding under RSMo § 302.505. *State v. Warfield,* 854 S.W.2d 9, 11 (Mo.App. S.D.1993).

We think it clear that under RSMo § 302.505.3, driver's guilty plea in the criminal proceeding was not conclusive as to any of the elements of the administrative suspension of driver's license, and did not waive Director's duty to present evidence that driver was, in fact, the person operating the vehicle. The trial court's determination of whether driver was the person behind the wheel was independent of, and not affected by, driver's plea of guilty to the criminal charges arising out of the same occurrence. Director still bore the burden of presenting evidence on this issue, irrespective of the guilty plea. Point denied.

Director also claims, in her reply brief, that she met her burden of proving driver was driving the vehicle "even without relying upon [driver]'s admission of his guilty plea in his double jeopardy motion." We need not address this argument, since we are precluded from addressing assertions made for the first time in a reply brief. *P & K Heating v. Tusten Townhomes,* 877 S.W.2d 121, 124 (Mo.App. E.D.1994). The judgment of the trial court is affirmed.