Ricky B. **ARNETTE**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. ED 83847.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 5, 2004.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

Diane F. Peters, Jefferson City, MO, for appellant.

Jonathan L. Downard, Union, MO, for respondent.

### OPINION

GLENN A. NORTON, Judge.

The Director of Revenue appeals the judgment reinstating Ricky Arnette's driver's license and assessing costs against the Director. We affirm the reinstatement and reverse the assessment of costs.

### I. BACKGROUND

The Director revoked Arnette's license based on allegations of driving while intoxicated and imprudent driving under section 302.505 RSMo 2000. The Director's sole witness at trial was the arresting officer, who found Arnette's truck overturned and abandoned on the side of a road. There was blood and gray and black hair inside the vehicle. The officer found Arnette in his home nearby, where Arnette's wife told the officer that she had wrecked the truck. While she had blond hair and showed no signs of injury, Arnette had gray and black hair and cuts or scratches on his arm. Arnette's blood alcohol content was over the legal limit.

The trial court concluded that the Director failed to meet the burden of proof. On appeal, the Director asserts that the court's judgment was against the weight of the evidence, that the court misapplied the law and that the court erred by assessing costs.

### II. DISCUSSION

■ To revoke someone's license under section 302.505, the Director must prove that the intoxicated licensee was in fact operating the vehicle. *House v. Director of Revenue*, 997 S.W.2d 135, 138–39 (Mo.App. S.D.1999); *Pagano v. Director of Revenue*, 927 S.W.2d 948, 951 (Mo.App. E.D.1996); *see also Hinnah v. Director of Revenue*, 77 S.W.3d 616, 622 (Mo. banc 2002). In light of the circumstantial nature of the evidence that Arnette was the driver, we must affirm the trial court's conclusion that the Director failed to meet the burden of proof. The judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. Because an extended opinion would have no precedential value, we affirm that part of the judgment under Rule 84.16(b).

■ But, as Arnette conceded at oral argument, costs are not recoverable from the state in its own courts in driver's license proceedings. *Atkins v. Director of Revenue*, 6 S.W.3d 428, 428 (Mo.App. E.D. 1999). That part of the judgment must be reversed.

### III. CONCLUSION

We affirm the judgment except as to costs. The assessment of costs against the Director is reversed.

GEORGE W. DRAPER III, C.J. and LAWRENCE G. CRAHAN, J. concurring.