MLR/SC # 189-21
3/10/21
need Atty info

STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL COURT
AUGUSTA
DOCKET NO. CR-2020-169


STATE OF MAINE

V.

**ORDER ON MOTION TO DISMISS**

BOBBI-JO CLOUGH


Before the court is the Defendant's Motion to Dismiss the indictment against her on the basis of collateral estoppel. Argument on the motion was held on March 5, 2021.

The Defendant has been indicted for one count of Theft by Deception (Class B) and one count of Theft by Deception (Class C). Count I alleges that the Defendant committed theft of benefits from the following programs: Supplemental Nutrition Assistance Program (SNAP); Temporary Assistance for Needy Families (TANF); Maine Care, and/or; Emergency Assistance Program. In Count 2, the Defendant is charged with committing theft by obtaining benefits from the Low Income Home Energy Assistance Program (LIHEAP). Both counts of the indictment allege that the Defendant committed theft by intentionally creating or reinforcing the false impressions that her husband was not living with her and/or was not contributing financially to the household. Count 2 also alleges that the Defendant intentionally created the false impression that she was not working until January 2012. The conduct that is the basis for Count 1 is alleged to have occurred between November 1, 2011 and April 30, 2014. As for Count 2, the conduct is alleged to have taken place from December 19, 2012 to February 28, 2014.

The basis of the Defendant's collateral estoppel claim is a Decision dated July 29, 2014 from an Administrative Hearing Officer, who conducted a "TANF and Food Supplement Program Disqualification" hearing on July 7, 2014. In that written decision, the Hearing Officer found that the Department of Health and Human Services (OFI) had failed to meet its burden of proving by clear and convincing evidence that the Defendant had intentionally violated the program rules governing TANF or FSP.

The issue before the court is whether an administrative decision in a disqualification hearing can act to collaterally estop a later criminal prosecution. It does not appear that the Maine Law Court has addressed this issue.[1] Courts in other states have.

The weight of authority appears to be that an administrative decision does not collaterally estop a subsequent criminal prosecution. *See State v. Williams*, 937 P.2d 1052, 1057-58 (Wn. 1997) (defendant convicted of welfare fraud – criminal prosecution was not barred on collateral estoppel grounds by administrative decision finding that she had not acted intentionally); *Malloy v. State*, 744 S.E.2d 778, 785 (Ga. 2013) (defendant convicted of Medicaid fraud – criminal prosecution not collaterally estopped by administrative ruling that he had not acted willfully). *See also Cook v. State*, 921 So.2d 631 (Fla. App., 2d Dist., 2005) (administrative decision by teacher disciplinary commission did not collaterally estop later criminal prosecution) (collecting cases); *State v. Alvey*, 678 P.2d 5 (Ha. 1984) (administrative finding by prison disciplinary committee did not collaterally estop criminal prosecution).

---

[1] *State v. McLean*, 560 A.2d 1088, 1090 (Me. 1989) did not address collateral estoppel, but was based on a statute making it clear that determination of facts by the Secretary of State in a license suspension hearing is independent of the same or similar facts in any civil or criminal proceeding.

There is some contrary authority. *See People v. Sims*, 21 Cal. 3d 468, 651 P.2d 321 (1982) (criminal prosecution in welfare fraud case was collaterally estopped by administrative fair hearing based on California's "unique statutory scheme" for prosecuting welfare fraud cases) *superseded by statute as noted in Gikas v. Zolin*, 6 Cal. 4ᵗʰ 841, 851, 863 P.2d 745 (1993); *People v. Watt*, 320 N.W. 2d 333 (Mich. App., 1982) (defendant convicted of welfare fraud – collateral estoppel applied to bar prosecution).[2]

The court finds the decisions in *Williams, Malloy and Cook* and the dissenting opinion in *People v. Sims,* 32 Cal. 3d at 490-95 (Kaus, J.) to be persuasive. As recognized by those courts, the purposes underlying an administrative hearing and a criminal trial are "wholly distinct." *Williams*, 937 P.2d at 1057. Moreover, allowing an administrative agency decision to bar a subsequent criminal prosecution would undermine the very nature of administrative proceedings and would tend to convert them into full-blown criminal prosecutions. Finally, the court is concerned that applying principles of collateral estoppel to preclude a criminal prosecution based on an administrative ruling might "subvert" the executive authority of prosecutorial officials. *Malloy*, 744 S.E.2d at 784.

For these reasons, the Defendant's Motion to Dismiss is DENIED.

Dated: March 10, 2021

A true copy
ATTEST:

*Michele Lumbert*

Michele Lumbert
Clerk of Courts

William R. Stokes
Justice, Superior Court

---

[2] A recent case that is not on point because it was decided on federal preemption grounds, is *Gonzalez v. State*, 207 A.3d 147 (Del. 2019), where the court held that federal law prohibits the State from bringing a civil action against a SNAP recipient after already bringing a successful administrative action against that recipient for the same intentional program violation.

Entered on the docket 3-10-2021