**Frederick E. BROWN, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.**

**No. WD 41147.**

Missouri Court of Appeals, Western District.

June 27, 1989.

Michael John Mann, Kansas City, for appellant.

Waylene W. Hiles, Jefferson City, for respondent.

Before KENNEDY, C.J., GAITAN, J., and CONNETT, Special Judge.

FRANK D. CONNETT, Jr., Special Judge.

On April 22, 1987, Respondent Frederick E. Brown was arrested for driving while intoxicated. He refused to submit to a chemical test to determine the alcohol content of his blood, and as a consequence of this refusal the Director of Revenue pursuant to section 577.041, RSMo 1986, issued an order revoking respondent's driving privileges for one year beginning June 11, 1987. Brown was also charged in the municipal division with driving while intoxicated. The trial of this charge was continued by Brown for one year to give him time to complete in-patient alcohol treatment. On May 10, 1988, Brown pled guilty to this charge, and in accordance with section 302.302.1(8), RSMo 1986, was assessed 12 points (he had a prior BAC conviction). The Director of Revenue in accordance with section 302.304.6, RSMo 1986, ordered Brown's driving privileges revoked for one year, beginning August 2, 1988. Brown filed a petition for review of this revocation in the Jackson County Circuit Court pursuant to section 302.311, RSMo 1986. On September 22, 1988, the circuit court heard Brown's petition and ordered the Director of Revenue to credit the period of revocation of June 11, 1987 to June 11, 1988, to Brown's second period of revocation for having accumulated 12 points "or in the alternative the Director shall show that the two periods of revocation shall be shown on the record to have been concurrent." The court in arriving at this decision made the following findings:

That both periods of revocation were the result of events that occurred from the same arrest;

that it would be right, proper and equitable that the [respondent] not endure two periods of revocation of this driving privilege from the same arrest and factual basis;

that the [respondent's] municipal citation was continued for over a period of one (1) year to enable the [respondent] to enter into and successfully complete an in-patient alcohol rehabilitation program prior to the date that sentence would be passed by the municipal division;

that the [respondent] is now and has remained in alcohol treatment and rehabilitation and has conformed to the terms and conditions of his municipal court sentence;

that the [respondent] would be denied equal protection of the law if he were forced to serve two periods of revocation of driving privilege from the same arrest and factual situation.

The Director of Revenue appeals this action of the circuit court to this court on the ground that the circuit court did not have subject matter jurisdiction because there was no statutory authority for it to make such an order. Respondent Brown has not favored us with a brief.

■ Section 302.311, RSMo 1986, governs the procedures and scope of review to be followed in proceedings concerning petitions for review of driving license revocations. It directs the circuit court to hear the case *de novo* and determine whether the Director's revocation should be sustained, set aside or modified. The circuit court must hear the case *de novo* and make its own determination of what should be done. The court's discretion is limited by the provisions of section 302.304, RSMo 1986. Although the circuit court is a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power. *Randles v. Schaffner*, 485 S.W.2d 1, 3 (Mo.1972); *State ex rel. Kansas City v. Public Service Commission*, 362 Mo. 786, 244 S.W.2d 110, 115 (1951).

■ Section 302.304, RSMo 1986, sets forth the duties of the Director in certain instances. Section 302.304.6, RSMo 1986, provides "[t]he director shall revoke the driver's license and driving privileges of any person when his driving record shows he has accumulated twelve points in twelve months, eighteen points in twenty-four months or twenty-four points in thirty-six months." Thus, we see there is no discretion on the part of the Director to do anything but revoke the driving privileges when the driver has accumulated 12 points in 12 months, which is the case here. The judgment ordering the Director to credit

time spent on the first revocation for the time to be spent on the second revocation was in excess of the court's jurisdiction. The court could proceed only in accordance with section 302.304, RSMo 1986. Section 302.311, RSMo 1986, limits and defines the court's power to sustain, set aside or modify. There was no basis for setting it aside (Brown had 12 points in 12 months). There is nothing to modify because according to section 302.304, RSMo 1986, the Director had no power or authority to do anything but revoke for 12 months when 12 points were accumulated. It was simply a ministerial act directed by the legislature. The Director had no discretion to do anything else, so the court had no discretion to modify.

■ The circuit court found and concluded that respondent had been denied equal protection of the law because he was required to serve two periods of revocation of his driving privileges from the same arrest and factual situation. The court set out no basis for this conclusion. From the record and file we could find no basis for such a conclusion. Both periods of revocation were not the result of the same arrest and factual situation. Driving while intoxicated and refusing to take the chemical test were separate transgressions occurring at separate times and places.

Furthermore, if he had not accumulated 12 points his driving privileges would not have been revoked. He did not receive 12 points for driving while intoxicated alone. That would have been only eight points. He received 12 points because he had a prior conviction of driving with blood alcohol content of ten-hundredths of one percent or more. Section 302.302.1(8), RSMo 1986.

■ Assuming the court had the power to set aside the suspension for having accumulated 12 points (in effect that is what it did by ordering credit on the second suspension for time spent on the first suspension) because not to do so would deny respondent the equal protection of the law, we then need to determine whether the statutes which required the Director to re-

voke a driver's license to operate a motor vehicle for refusing to take a chemical test and then again revoke him for a year for having accumulated 12 points by being convicted of driving while intoxicated would be a denial to respondent of equal protection of the law. An essential element to any equal protection challenge is an alleged discrimination against one person in favor of another person or class of persons, with no rational basis for any differentiation in treatment. "The equal protection doctrine is rooted in a comparison of the actual treatment accorded one person with that actually accorded other persons or class of persons, not in a comparison of the actual treatment accorded one person as measured against the ideal treatment ... which that single person should have received." *Burns v. Swenson,* 430 F.2d 771, 778 (8th Cir.1970). "When all persons within the purview of a statute are subjected to like conditions, then they are afforded equal protection of the law." *State v. Day–Brite Lighting, Inc.,* 362 Mo. 299, 240 S.W.2d 886, 893 (1951).

The circuit court had no jurisdiction or authority to render a judgment ordering the test refusal revocation to be credited to the 12–point revocation which resulted from the driving while intoxicated conviction. Nor did it have authority to order the Director to alter the record to show that the two periods of revocation were concurrent.

The JUDGMENT of the circuit court is REVERSED.

All concur.