William Kim BASS, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE of MISSOURI, Respondent–Appellant.

No. 16821.

Missouri Court of Appeals, Southern District, Division One.

Aug. 23, 1990.

James R. Schumacher, Asst. Public Defender, Springfield, for petitioner-respondent.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

MAUS, Judge.

Upon a Petition for Review, the circuit court entered a default judgment ordering the Director of Revenue to reinstate the driver's license of respondent William Kim Bass. The Director has appealed from that default judgment. The following is an outline of the facts alleged in the petition and established by the record.

On October 20, 1988, respondent pled guilty in the Associate Division of the Circuit Court of Greene County to driving with a suspended driver's license. § 302.321. His sentence is not disclosed by the record. However, the court told the respondent his driver's license was from that date suspended for one year. The respondent did not drive a motor vehicle for one year thereafter.

The Director did not receive notice of the respondent's conviction until October 3, 1989, almost one year after the conviction. On October 17, 1989, the Director notified the respondent that because of that conviction 12 points would be assessed against him and his license would be revoked for one year beginning November 16, 1989. The respondent filed his Petition for Review on November 16, 1989. That petition alleged the fact of his plea and conviction, the judge's suspension and his compliance by not driving a motor vehicle for one year. It further alleged that the revocation of respondent's license, by reason of his conviction, was effective on the date of that conviction, October 20, 1988, and for one year thereafter. It prayed the court to set aside the Director's revocation of his license beginning November 16, 1989, and the assessment of 12 points by reason of the October 20, 1988, conviction.

An appropriate summons and a copy of the petition was served upon the Director by certified mail. The return receipt was filed in the circuit court on November 21, 1989. The Director does not question the sufficiency of service. § 506.150.4. On January 2, 1990, upon respondent's appearance, the circuit court entered an interlocutory order of default and set a hearing on that order for January 5, 1990. Rule 74.05. On that day the respondent appeared, the Director did not and the circuit court entered a judgment against the Director. That judgment ordered the Director to reinstate respondent's license upon the payment of the reinstatement fee and the filing of proof of financial security. A certified copy of the judgment was sent to the Director by certified mail on January 9, 1990. On February 9, 1990, the Director filed a notice of appeal from the default judgment.

The Director contends the trial court erred because only the Director can assess points and suspend or revoke a driver's license and respondent's license had not been suspended or revoked upon his plea of guilty. The respondent first contends the Director did not file a motion to set aside the default judgment and therefore cannot

appeal from that judgment. The Director responds that he is not barred under the rule announced in *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984) and *Barney v. Suggs*, 688 S.W.2d 356 (Mo. banc 1985) because the Associate Division of the Circuit Court had no jurisdiction to order the reinstatement of respondent's driver's license.

To support his right to appeal, if the circuit court had no jurisdiction, the Director cites *Financial Design Consultants v. McCarver*, 712 S.W.2d 738 (Mo.App. 1986). In that case, the court held a circuit court had no subject matter jurisdiction to impose a mechanic's lien in the absence of the pleading and proof of the statutory notice required by § 429.012. Judgments rendered by a court without subject matter jurisdiction, as distinguished from the misconstruction of a statute, may be attacked in a variety of ways. *Crouch v. Crouch*, 641 S.W.2d 86 (Mo. banc 1982); *In re Marriage of Mitchell*, 756 S.W.2d 949 (Mo.App. 1988). It is not clear that such a failure in pleading and proof deprives a court of general jurisdiction of subject matter jurisdiction. See *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983). Nor is it clear that the bar to appeal of *Vonsmith* and *Barney* admits of such an exception. See *Niemann v. Kasch*, 740 S.W.2d 706 (Mo.App.1987). Also see Laughrey, Default Judgments in Missouri, 50 Mo.L.Rev. 841 (1985).

However, for the purpose of this case, it will be assumed the Director may appeal from the default judgment if the circuit court had no jurisdiction to order the reinstatement of respondent's driver's license. The Director contends the circuit court had no jurisdiction because § 302.304.6 made the revocation beginning November 16, 1989, mandatory because the Director did not assess 12 points for the guilty plea until October 17, 1989. The Director cites *Brown v. Director of Revenue*, 772 S.W.2d 398 (Mo.App.1989). In that case, the circuit court found that Brown could not be subject to a period of revocation for refusal to take a breathalyzer test and a separate and successive period of revocation for driving while intoxicated when both periods resulted from the same incident. To prevent Brown from being subject to more than one period of revocation, the circuit court ordered that part of the time of the first (breathalyzer) revocation be credited against the second (DWI) revocation, which the Director ordered upon Brown's belated conviction. The appellate court found the imposition of two periods of revocation did not deny Brown equal protection. The Director's assessment of 12 points was unquestioned and the appellate court, on direct appeal, found the circuit court improperly interfered with a revocation the statutes made mandatory upon assessment of 12 points. In so holding, the appellate court found that in acting contrary to statute, the circuit court acted without jurisdiction. That language could be understood to mean the circuit court acted erroneously. However, in all events *Brown* does not aid the Director. In this case, respondent did attack the belated assessment of points and revocation. The circuit court found the belated assessment of points to be contrary to the statutes. The Director, by appeal, attempts to establish the circuit court had no jurisdiction to construe the statutes.

The respondent's petition is based upon the proposition that under a proper construction of the statutes the revocation of his license was effective upon his plea of guilty. Therefore, he argues the Director had no authority to assess 12 points almost a year later and again revoke respondent's license. The issue before the circuit court was whether that construction of the statutes was correct. The applicable statutes are not a model of clarity. Respondent's construction of the statutes is not without some foundation.

The relevant portion of the section upon which the Director relies provides:

"The director shall revoke the license and driving privileges of any person when his driving record shows he has

*accumulated* twelve points in twelve months or eighteen points in twenty-four months or twenty-four points in thirty-six months...." § 302.304.6. (Emphasis added.)

It could be argued that "accumulated" means "one after another" and does not include 12 points resulting from one conviction.

Section 302.225, in relevant part, provides:

"2. Whenever any person is convicted of any offense or series of offenses for which sections 302.010 to 302.340 makes mandatory the suspension or revocation of the license of such person by the director of revenue, the circuit court in which such conviction is had *shall require the surrender to it of all licenses*, then held by the person so convicted, and the court shall within ten days thereafter forward the same, together with a record of the conviction, to the director of revenue.

3. No municipal judge or municipal official shall have power to revoke any license." (Emphasis added.)

The essence of the respondent's argument is that he was convicted in the circuit court of driving while his license was suspended, and that court, as distinguished from a "municipal judge or municipal official", had the power to revoke and exercised that power.

It could also be argued that this construction is obliquely supported by § 302.010(3):

" '**Conviction**', any final conviction; also a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction, except that when any conviction as a result of which points are assessed under section 302.302 is appealed, the term 'conviction' *means the original judgment of conviction for the purpose of determining the assessment* of points, and the date of final judgment affirming the conviction shall be the date

determining the beginning of any license suspension or revocation under section 302.304;". (Emphasis added.)

It is not necessary or appropriate to pass upon the reasonableness of respondent's construction. § 302.311 provides:

"In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked. Upon such appeal the cause shall be heard *de novo* and the circuit court may order the director to grant such license, sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license...."

" 'Subject matter jurisdiction' is 'the power to adjudge concerning the general question involved, and if a complaint states a case belonging to a general class over which the authority of the court extends, that court possesses "subject matter jurisdiction".' *Corning Truck & Radiator Service v. J.W.M. Inc.*, 542 S.W.2d 520, 527 (Mo.App. 1976)." *In re Marriage of Panich*, 672 S.W.2d 718, 720–721 (Mo.App.1984). The jurisdiction of the circuit court to hear respondent's cause de novo includes the authority to construe the statutes and determine if the action of the Director was authorized. A similar construction of applicable statutes was had in a hearing de novo under § 302.311 in *Knierim v. James*, 677 S.W.2d 322 (Mo. banc 1984). Whether or not the circuit court was right or wrong is not material. The Director did not appear or even file a motion to set aside the judgment. He had no right to appeal from the judgment of the circuit court. The appeal is dismissed.

PREWITT and CROW, JJ., concur.