Cecil Woodrow LONG, Plaintiff–Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Defendant–Appellant.**

No. 17239.

Missouri Court of Appeals, Southern District, Division One.

Dec. 13, 1991.

William L. Webster, Atty. Gen., James A. Chenault, III, Jatha B. Sadowski, Sp. Asst. Attys. Gen., Jefferson City, for defendant-appellant.

No appearance for respondent.

PARRISH, Judge.

The Director of Revenue of the State of Missouri (the Director) appeals a judgment directing him to give respondent credit for 44 days on the suspension of respondent's driving privilege. This court reverses.

Cecil Woodrow Long, respondent in this appeal, was arrested June 4, 1989, and charged with driving while intoxicated (DWI). § 577.010.[1] Long was administered a breathalyzer test. The test results revealed an alcohol concentration of more than .13 of 1% by weight. Long also failed to produce an insurance identification card as required by § 303.024.5. The following is a chronology of events relevant to the suspension of Long's driving privilege.

| Date | Occurrence |
|---|---|
| June 19–July 19, 1989 | Long's driving privilege suspended, administratively, because of his arrest upon probable cause to believe that he was driving a motor vehicle while the alcohol concentration in his breath was .13 of 1%. § 302.505. |
| July 19, 1989 | Director received $20 reinstatement fee with respect to the administrative suspension of Long's driving privilege. § 302.304.11, RSMo Supp.1989. |
| July 21, 1989 | Director received a certificate of insurance (a form "SR–22") on behalf of Long. §§ 302.304.3, RSMo Supp.1989, and 303.044. |
| July 24–Sept. 24, 1989 | Long's driving privilege suspended for operating a motor vehicle without maintaining financial responsibility. §§ 303.025, .041 and .042. |
| October 12, 1989 | Director received $200 reinstatement fee with reference to the suspension of Long's driving privilege for operating a motor vehicle without maintaining financial responsibility. § 303.043(1). |
| November 3, 1989 | Director received evidence that Long had completed an Alcohol Related Traffic Offender Program (ARTOP). § 302.540. |
| November 6, 1989 | Long's driving privilege reinstated. |
| April 5, 1990 | Long convicted in the Circuit Court of Bollinger County for the driving while intoxicated offense that occurred June 4, 1989. § 577.010. Long's driver's license revoked upon the assessment of twelve points for a second conviction of driving while intoxicated.[2] §§ 302.302.1(8) and 302.304.6, RSMo Supp.1989.[3] Long's driver's license was revoked for one year (365 days) with credit for the 30–day administrative suspension he had received. § 302.525.4. |

Long appealed the 335–day revocation imposed by the Director for the DWI con-

---

1. References to statutes are to RSMo 1986 unless stated otherwise.

2. Long had a previous conviction for driving while intoxicated in Jackson County, Missouri.

3. § 302.304.6 provides for the revocation period to terminate after one year for "any person whose license and driving privilege has been revoked ... and who has filed proof of financial responsibility [Form SR–22]."

viction by filing a petition for review in the Circuit Court of Bollinger County. § 536.-110. The basis for that appeal was a claim by Long that "as a result of [the June 4, 1989] stopping an [sic] arrest [for DWI]," his driving privilege was suspended for more than the 35 days for which he was allowed credit. He sought credit for an additional 42 days against the period of revocation that resulted from his DWI conviction.

When Long was arrested June 4, 1989, the Highway Patrol erroneously filed two reports that Long was driving his automobile without the required proof of financial responsibility. § 303.024.5. One report was dated June 4, 1989; the other June 5, 1989. Based upon the first report, the Director correctly suspended Long's driving privilege for 60 days. § 303.042.2(1). However, upon receiving the second report—the one dated June 5, 1989, that was erroneously filed—the Director again suspended Long's driving privilege for an additional one year based upon the belief that Long had a prior suspension for failure to maintain the required financial responsibility. § 303.042.2(2). Thereafter, upon the Highway Patrol and the Director being shown that their records were in error, the records were corrected. On November 6, 1989, Long's driving privilege was reinstated.

Long contended, before the trial court, that he should have been eligible to receive his driver's license on September 23, 1989, but that he was prevented from having his driver's privilege restored until November 6, 1989, because of errors committed by the Highway Patrol and the Department of Revenue. He contended that he was entitled to a credit on the period for which his driver's license was revoked for 42 days—the time for which his driver's privilege was erroneously suspended. The trial court found for Long and ordered the Director to give Long credit for an additional 44 days on Long's revocation that resulted from Long's DWI conviction.[4]

The Director contends the trial court "lacked subject matter jurisdiction" in ordering that Long be granted 44 days' credit on Long's present revocation because "there was no statutory authority to reduce the time period of the revocation for excessive accumulation of points." The Director relies upon *Brown v. Director of Revenue*, 772 S.W.2d 398 (Mo.App.1989), as authority for this point. The Director also argues that Long had not complied with all requirements for reinstatement until November 3, 1989, regardless of the erroneous second notice of failure to maintain financial responsibility that the Highway Patrol filed.

*Brown* involved an arrest for driving while intoxicated. The person arrested refused to submit to a chemical test to determine blood alcohol content. Based upon that refusal, the Director issued an order, pursuant to § 577.041, revoking Brown's driving privilege for one year.[5] Approximately eleven months after Brown's arrest, he pleaded guilty to driving while intoxicated. The Director assessed twelve points against his driving privilege, § 302.302.1(8) (he had a prior BAC conviction), and ordered Brown's driver's license revoked for one year. The revocation period that was based upon the accumulation of points was in addition to the revocation period that was based upon Brown's refusal to submit to a chemical test. A petition for review was filed in circuit court seeking an allowance of credit for the first revocation period, the one that was based upon Brown's

---

4. Long, in his testimony, asked for an additional 42 days' credit. Long apparently based that request upon a calculation of the time between September 23, 1989, when his driver's privilege was suspended, and November 3, 1989, when he requested reinstatement based upon his belief that he had complied with the requirements for reinstatement. The trial court, in finding for Long, apparently gave Long credit for an additional two days between the time Long sub-mitted his request for reinstatement and the time his driving privilege was reinstated.

5. § 577.041 provides that a person under arrest who refuses to take a chemical test to determine the amount of alcohol in that person's blood, if the arresting officer had reasonable grounds to believe that the person operated a motor vehicle while in an intoxicated condition, shall have his driver's license revoked for one year by the director.

refusal to take chemical tests. Alternatively, the petition for review asked for a determination that the two periods of revocation "[had] been concurrent." 772 S.W.2d at 399. The circuit court concluded that "both periods of revocation were the result of events that occurred from the same arrest" and granted the relief that was sought. The Western District of this court reversed for the reason that the applicable statute, § 302.304.6, required the Director to revoke a driver's license when a person's driving record "shows he has accumulated twelve points in twelve months." The court said, "[T]here is no discretion on the part of the Director to do anything but revoke the driving privileges when the driver has accumulated 12 points in 12 months, which is the case here." *Id.* at 400. It held:

> The circuit court had no jurisdiction or authority to render a judgment ordering the test refusal revocation to be credited to the 12–point revocation which resulted from the driving while intoxicated conviction. Nor did [the circuit court] have authority to order the Director to alter the record to show that the two periods of revocation were concurrent.

*Id.* at 401.

The Director's observation that Long did not satisfy the requirements for reinstatement of his driving privilege until November 3, 1989, is well-founded. For that reason it is unnecessary to pursue the contention that the rationale in *Brown* is applicable. When Long's administrative suspension became effective on June 19, 1989, in order for his driver's privilege to be reinstated, Long was required to do certain things. He was required to file proof of financial responsibility in accordance with the requirements of chapter 303 (a form SR–22) and to pay a $20 reinstatement fee. §§ 302.304.4 and .11, RSMo Supp.1989. He was also required to successfully complete an alcohol-related traffic offender education program (ARTOP). § 302.540.

When Long's driving privilege was suspended for 60 days for operating a motor vehicle without maintaining financial responsibility—the suspension that began July 24, 1989—certain things were required to be done in order for his driver's privilege to be reinstated. He was required to pay a reinstatement fee of $200. § 303.043(1). He was required to submit proof of financial responsibility by filing a certificate of insurance (a form SR–22) with respect to all motor vehicles registered to him. § 303.044.

The Director received Long's $20 reinstatement fee required by § 302.304.11, RSMo Supp.1989, on July 19, 1989. He received evidence of Long's successful completion of the ARTOP training, as required by § 302.304.4, RSMo Supp.1989, on November 3, 1989. Long complied with the financial responsibility requirement of chapter 302 by filing the required certificate of insurance (SR–22) July 21, 1989, § 303.044, and by paying a $200 reinstatement fee that the Director received October 12, 1989, § 303.043(1). Until Long completed all those requirements, the last of which, the ARTOP requirement, was completed November 3, 1989, Long was not entitled to reinstatement of his driving privilege.

Long's argument before the trial court (he filed no brief on appeal) was that he delayed completing the ARTOP training after his initial suspension for driving a motor vehicle while having an alcohol concentration of more than .13 of 1% because "they [the Department of Revenue] said I had a year's loss, so I was in no hurry to go ... through with it." The one year loss of license to which Long referred was the suspension under § 303.042.2(2) that was erroneously entered upon Long's record based upon the second notice that Long had operated his automobile without maintaining financial responsibility—the erroneous notice.

The trial court entered written findings of fact and conclusions of law. They include:

.   .   .   .   .

> 5. That under the original suspension of [Long], [Long's] driving privilege should have been eligible for reinstatement on September 22, 1989.

6. That [Long] was erroneously suspended at no fault of his own for 44 days that his driving privileges should have been eligible for reinstatement.

. . . . .

Although Long's driving privilege "should have been eligible for reinstatement on September 22, 1989," Long did not complete all the requirements necessary for reinstatement until November 3, 1989. The conclusion by the trial court that Long's driving privilege was "erroneously suspended ... for 44 days" is a misapplication of law in that it does not take into account that Long had failed to complete all requirements for reinstatement. Having been based upon an erroneous application of the law, the decision of the trial court is reversed. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

PREWITT, P.J., and CROW, J., concur.