**MICHAEL R. MARTIN, INC., Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. WD 50207.

Missouri Court of Appeals, Western District.

June 27, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Charles L. House, William Colvin, Kansas City, for respondent.

Before HANNA, P.J., and BERREY and SPINDEN, JJ.

SPINDEN, Judge.

The Director of Revenue revoked Michael R. Martin's driver's license for one year for having an alcohol related offense in the previous five years pursuant to § 302.525.2(2),

RSMo 1994,[1] and for one year pursuant to § 302.304.6 because Martin received 12 points against his license for driving while suspended.[2] Martin appealed the revocation for points to the circuit court. The circuit court ordered the Director to, in effect, run the two revocations concurrently. The Director appeals. We reverse and remand.

The facts are not contested. On August 10, 1993, officers arrested Martin for two offenses: driving with excessive blood alcohol content and driving while his license was suspended. He submitted to a breath analysis test, and he registered .10 percent blood alcohol content. Authorities notified him that day that his license would be revoked because his driving record showed an alcohol related offense within five years. He did not request a hearing, and, on August 25, 1993, the Director revoked his license for one year pursuant to § 302.525.2(2).[3]

Martin pleaded guilty on November 8, 1993, to driving while his license was suspended. The Director assessed 12 points against Martin's driver's license pursuant to § 302.302.1(5). On January 11, 1994, the Director notified Martin that, pursuant to § 302.304.6, his driving privileges were revoked for one year, because 12 points had been assessed against his license. On February 10, 1994, Martin appealed this revocation to Cass County Circuit Court.

He alleged in that appeal that he had no knowledge of the driving while suspended conviction. He later amended his petition to acknowledge the driving while suspended conviction but asked the court to credit the period of revocation for having received an alcohol related offense within five years against the revocation for excessive points. On September 6, 1994, the trial court ordered:

> ... That pursuant to Section 302.525.4, R.S.Mo., the period of revocation imposed by the Director of Revenue, pursuant to Sections 302.505 and

302.525.2(2), R.S.Mo., beginning August 25, 1993, shall be credited against the period of revocation imposed by the Director of Revenue, pursuant to Sections 302.302.1.(5) and 302.304, R.S.Mo., beginning February 19, 1994, and the total period of suspension or revocation shall not exceed the longer of the two (2) revocation periods.

> ... That pursuant to Section 302.525.4, R.S.Mo., [Martin's] total revocation period imposed by the Director of Revenue is deemed completed as of August 25, 1994, and that the Order of the Director of Revenue, which imposed an additional one (1) year period of revocation, beginning February 19, 1994, pursuant to Sections 302.302.1(5), and 302.304, R.S.Mo., shall be set aside and held for naught.

The Director appeals that decision to this court. She asserts that the trial court erred in ordering that the period of revocation imposed pursuant to § 302.525.2(2) (having an alcohol related offense in five years) be credited against the period of revocation imposed pursuant to § 302.304.6 (the receiving of 12 points). We agree.

The circuit court erred by deeming § 302.525.4 to apply to Martin's case. The statute says:

> Where a license is suspended or revoked under this section and the person is also convicted on charges arising out of the same occurrence for a violation of section 577.010 or 577.012, RSMo, or for a violation of any county or municipal ordinance prohibiting driving while intoxicated or alcohol related traffic offense, both the suspension or revocation under this section and any other suspension or revocation under this chapter shall be imposed, but the period of suspension or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation imposed under this chapter, and the total period of suspension or revocation

---

1. All statutory references are to the 1994 Revised Statutes of Missouri.

2. Section 302.304.6 gives the Director the authority to revoke a person's driver's license for one year when the person's driving record shows

that he or she has accumulated 12 points in 12 months.

3. Martin received a one-year revocation because he had another "alcohol related enforcement contact" within the previous five years.

shall not exceed the longer of the two suspension or revocation periods.

The statute's application to a case is conditioned on two factors. The first is that the case must involve a license which has been suspended or revoked under § 302.525. Martin's case met that condition. Second, for the statute to apply to a case, a second suspension or revocation must arise out of the same incident and satisfy one of two sub-conditions. The first is that the case involves a licensee who has been convicted of violating §§ 577.010 or 577.012. Martin agrees that his case did not satisfy this condition. The alternative sub-condition is that the licensee has been convicted of violating any county or municipal ordinance prohibiting driving while intoxicated or alcohol related traffic offense. Martin agrees that he was not convicted of violating any such ordinance. Because Martin's case did not satisfy either of the second, alternative sub-conditions, this statute had no application to his case.

Martin, however, points to the second half of the statute which says, "but the period of suspension or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation imposed under this chapter[.]" Martin argues that this provision means that his two revocations should overlap so that his license is revoked for one year, not two. He reads the statute to mean that the revocation under § 302.525.4 must be credited against the one year's revocation he received as a result of receiving 12 points.

The problem with Martin's interpretation is that it treats the second half of the statute as an independent exception to the first half. It is not.

The first half of the statute says that in appropriate cases—in those cases satisfying the conditions precedent outlined earlier—the two revocations must be imposed. The second half of the statute—that which follows "but"—sets out the requirements for calculating the revocation periods. In other words, the portion which follows "but" mandates how to impose the two revocations. It provides that the revocation imposed pursuant to § 302.525 must be credited against any other revocation imposed pursuant to Chapter 302 and that the period of revocation must not exceed the longer of the two original revocation periods.

Hence, because Martin's case does not satisfy the conditions precedent to applying the statute to his situation, he does not benefit from the statute. He does not point to any other provision which would aid him, so we reverse the circuit court's judgment and remand the case to it to enter a judgment in favor of the Director.

All concur.