Stephen E. GREENWOOD, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 75637.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 19, 1999.

JAMES R. DOWD, Judge.

The Director of Revenue of the State of Missouri ("Director") appeals from the trial court's judgment reinstating Stephen Greenwood's driving privileges.

## Facts

Respondent Stephen Greenwood was issued a notice that his driver's license would be revoked on April 22, 1998 due to an accumulation of points arising from a driving while intoxicated conviction ("DWI revocation"). Mr. Greenwood filed a petition for review on April 14, 1998. Mr. Greenwood asserted that he had refused to submit to a chemical test during the underlying arrest and that his driving privilege was revoked for one year starting January 19, 1997 ("refusal revocation"). He argued that, pursuant to the revocation duration statute, he should be given credit for the time he had already served under his refusal revocation against the pending DWI revocation. Section 302.525.4 RSMo 1994. On October 2, 1998, Commissioner Mary Fox agreed with Mr. Greenwood, recommending that he be given credit for the revocation he had already served and that his driving privilege be immediately reinstated. The circuit court entered a judgment adopting her recommendation and reinstating Mr. Greenwood's driving privileges. The Director filed a motion to set aside this judgment on October 26, 1998, claiming that the time served for the refusal revocation could not be credited towards the revocation he received for the assessment of points for the DWI conviction. Commissioner Mary Fox recommended overruling this motion and the circuit court adopted her recommendation. This appeal followed.

## Analysis

In the sparse record before the court, there is no reference to the Director filing an answer to Mr. Greenwood's petition for review of the revocation of his driving privileges. Furthermore, there is

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Paul J. D'Agrosa, St. Louis, for respondent.

no record of a hearing on this petition. In short, the record contains no indication that the Director contested this case in the slightest before filing the motion to set aside the trial court's judgment. We find this somewhat peculiar considering that the Director has the burden of proof in a review of a license revocation. *Zimmerman v. Director*, 988 S.W.2d 583, 585 (Mo. App. E.D.1999); *McMaster v. Lohman*, 941 S.W.2d 813, 815–816 (Mo.App. W.D. 1997).

█ On the other hand, review of the Director's revocation of a driver's license is governed by Section 577.041.4 RSMo 1994. The Director is not required under this statute to file responsive pleadings. *Nguyen v. Director of Revenue*, 900 S.W.2d 238, 239 (Mo.App. E.D. 1995). Consequently, the issue to be decided is a narrow one. The Director contends that the refusal revocation period cannot be credited towards the DWI revocation period. Mr. Greenwood did not file a brief. We agree with the Director's contention.

█ An appellate court will sustain the judgment of a trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). In this case, the court below erroneously declared the law. The statute at issue provides that:

> Where a license is suspended or revoked under this section and the person is also convicted on charges arising out of the same occurrence for a violation of section 577.010 or 577.012 RSMo, or for a violation of any county or municipal ordinance prohibiting driving while intoxicated or alcohol related traffic offense, both the suspension or revocation under this section and any other suspension or revocation under this chapter shall be imposed, but the period of suspension or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation imposed under this chapter, and the total period of suspension or revocation shall not exceed the longer of the two suspensions or revocation periods.

Section 302.525.4 RSMo 1994. Under this statute, only revocations imposed under sections 302.500 to 302.540 RSMo 1994 shall be credited against other revocations imposed under chapter 302. The revocation procedures outlined in sections 302.500 to 302.540 provide for revocations following the submission of chemical tests. Section 302.505 RSMo 1994. Refusal revocations, on the other hand, arise from section 577.041.3 RSMo 1994. Consequently, the above quoted statute does not provide for crediting of revocations imposed for refusing to submit to a chemical test.

In *Brown v. Director*, the driver refused to submit to a chemical test and his driver's license was revoked for one year. The license was also revoked for one year due to an accumulation of points on his license stemming from a DWI conviction. *Brown v. Director*, 772 S.W.2d 398, 399 (Mo.App. 1989). The Western District held, as we do in this case, that the revocation period served for the refusal to submit to the chemical test could not be credited towards the revocation period imposed for the accumulation of points. *Id.* at 401.

The order rescinding Mr. Greenwood's license revocation is reversed.

GARY M. GAERTNER, P.J., PAUL J. SIMON, J., concur.