Richard E. JUSTIS, Respondent,

v.

Quinton WILSON, Director of Revenue, Appellant.

No. WD 57203.

Missouri Court of Appeals, Western District.

May 31, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Dan K. Purdy, Osceola, for respondent.

Before BRECKENRIDGE, C.J., SPINDEN and HOWARD, JJ.

PATRICIA BRECKENRIDGE, Chief Judge.

The Director of Revenue (Director) appeals from a judgment of the circuit court setting aside the revocation of Richard Justis's driver's license for an accumulation of points. The circuit court set aside the revocation because it was not supported by competent and substantial evidence. Because this court finds that (1) the Director presented competent and sub-

stantial evidence that Mr. Justis's conviction resulted in the assessment of twelve points under § 302.302.1., RSMo Cum. Supp.1997,[1] (2) the Director had no discretion under § 302.304.7, but to revoke Mr. Justis's license, and (3) Mr. Justis received sufficient notice under § 302.304.1, the cause is reversed and remanded with instructions.

### Factual and Procedural History

On September 21, 1998, Mr. Justis pled guilty to the charge of driving with excessive blood alcohol content (BAC) in the Circuit Court of Henry County, Missouri. When the court reported the conviction to the Director, the court incorrectly reported that Mr. Justis had been convicted of driving while intoxicated (DWI). On October 30, 1998, Mr. Justis was issued a notice from the. Director, pursuant to § 302.304, indicating that his driving privilege would be revoked for one year due to an accumulation of points for traffic convictions. The notice stated that the points added to Mr. Justis's record resulted from the following convictions: (1) 10/29/98 [2] Driving while intoxicated – 12 points; (2) 8/27/97 Speeding – 3 points; (3) 10/24/96 Fail to yield right of way – 2 points. On that same day, Mr. Justis was issued a second notice from the Director, which stated that his privilege to drive would be permanently denied, pursuant to § 302.060.

Mr. Justis filed a petition for judicial review, pursuant to § 302.311, RSMo 1994, in which he asserted that he had not been convicted for DWI, § 577.010, RSMo 1994, as indicated on the notice, but was in fact convicted for BAC, § 577.012. A hearing was held, at which time Mr. Justis made clear that he was appealing the point suspension, not the permanent denial of his driving privileges. During the hearing, Mr. Justis offered into evidence a copy of his judgment and sentence for BAC. The Director offered into evidence a certified copy of Mr. Justis's driving record. The

record showed that, in addition to the conviction on September 21, 1998, Mr. Justis had nine prior DWI convictions. The Director told the court that while the notice was technically inaccurate for listing DWI instead of BAC, Mr. Justis was convicted of BAC and since it was not his first DWI or BAC conviction, the point value would be the same for a conviction under either charge. The circuit court took the case under advisement and stated, "So in essence, the argument boils down to they put in were driving while intoxicated in their notice, they should have put BAC. It would not change the point value under RSMo 302.302. They're one in the same points." The circuit court subsequently issued a judgment setting aside the revocation of Mr. Justis's license for one year due to an accumulation of points. The circuit court stated, in pertinent part, in its judgment:

> The notice that was mailed to Plaintiff ... indicates that twelve (12) of those accumulated points were assessed as a result of a driving while intoxicated conviction that was received and processed by the Department of Revenue on October 29, 1998. Plaintiff maintains that this assessment of points was in error, because he was not, in fact, convicted of driving while intoxicated. Plaintiff offered Exhibit # 1, a copy of the sentence and judgment in case number CR498–695M arising out of this Court. The Court takes judicial notice of the proceedings in that case, which reflect that Plaintiff was convicted of operating a motor vehicle with blood alcohol content over .10 percent (B.A.C.) and operating a motor vehicle with defective equipment.

The circuit court noted that the Director had the burden of proof and then held:

> Defendant maintained at the hearing herein that "it doesn't make any difference" in that a conviction for driving with excess blood alcohol content would

---

1. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 1997, unless otherwise indicated.

2. The dates listed reflect the date the convictions were received and processed by the Department of Revenue.

also result in the assessment of twelve (12) points against Plaintiff's drivers license, and result in a revocation. While that may or may not be the case, the Court is not going to speculate as to what the result might be if the proper convictions are shown on Plaintiff's driving record.

The judgment concluded with the statement that the revocation of Mr. Justis's license was set aside because the revocation was not supported by competent and substantial evidence.

Five days after the hearing, the Henry County Circuit Court, the court from which Mr. Justis's conviction for BAC originated and the same court which issued the judgment, sent the Director a driving record revision request to amend the charge of DWI that was reported incorrectly to BAC. The Director subsequently filed a motion for new trial and to set aside judgment that was heard and denied. The Director appeals.

## Standard of Review

■ Section 302.311, RSMo 1994 governs the procedures and scope of review to be followed in proceedings concerning petitions for review of driver's license revocations. *Brown v. Director of Revenue,* 772 S.W.2d 398, 400 (Mo.App.1989). It reads, in pertinent part:

In the event an application for a license is ... revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court ... in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is ... revoked. Upon such appeal the cause shall be heard de novo and the circuit court may order the director to ... sustain the suspension or revocation by the director, set aside or modify the same, or revoke such license. Appeals from the judgment of the circuit court may be taken as in civil cases....

Section 302.311, RSMo 1994.

This court reviews the judgment of the circuit court rather than the Director's decision. *Silman v. Director of Revenue,* 880 S.W.2d 574, 575 (Mo.App.1994). The judgment of the circuit court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

## Point on Appeal

The Director argues in his sole point on appeal that the circuit court erred in setting aside the revocation of Mr. Justis's driving privileges, in that he had committed an offense requiring the revocation of his license, whether the conviction was for DWI or BAC. Specifically, the Director argues that § 302.302.1(8) mandates that twelve points be assessed for either a second or subsequent BAC conviction or a second or subsequent DWI conviction and that § 302.304.7 requires revocation be imposed for the accumulation of twelve points within twelve months, giving the Director no discretion to do otherwise. The Director also argues that the notice provided to Mr. Justis was sufficient and that he was not prejudiced since the assessment of points was the same for either a DWI or BAC.

## Sufficient Evidence of Assessment of Points to Require Revocation

■ Sections 302.302 and 302.304 instruct the Director to set up a point system for traffic violations, and provides for the suspension or revocation of an individual's driver's license due to an accumulation of points within a certain period of time. *James v. Director of Revenue,* 893 S.W.2d 406, 407 (Mo.App.1995). "The statutes grant the Director no discretion from revoking the driving privileges where the accumulation of points meets the statutory amount." *Id.*

■ The point values assessed for various traffic offenses is established by § 302.302.1. Subsection 8 of § 302.302.1 states that twelve points are assessed "[f]or the second or subsequent conviction

of any of the following offenses however combined: driving while in an intoxicated condition, driving under the influence of controlled substances or drugs or driving with a blood alcohol content of ten-hundredths of one percent or more by weight." Mr. Justis's driving record indicates that he has been convicted nine previous times for DWI. As a matter of law, whether Mr. Justis was convicted of DWI or BAC, the assessment of twelve points against Mr. Justis's driver's license was mandated by law.

■ Under § 302.304.7, "[t]he director shall revoke the license and driving privilege of any person when the person's driving record shows such person has accumulated twelve points in twelve months...." Thus, the Director had no discretion under § 302.304.7 but to revoke Mr. Justis's license. *Brown*, 772 S.W.2d at 400. The Director is merely performing a ministerial act directed by the legislature. *Id.*

■ This court has found that a circuit court's discretion is also limited by the provisions of § 302.304. *Brown*, 772 S.W.2d at 400. "Although the circuit court is a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power." *Id.* When the Director presents evidence that a driver has accumulated twelve points in twelve months, the court is compelled to follow the mandate of the statute to revoke the driver's license and cannot exercise its discretion to fashion any other remedy. *Id.* The court only has the power to sustain the revocation if the Director meets his burden of proof by proving that the driver accumulated twelve points in twelve months. *Id.*

■ Here, the issue is whether the Director presented sufficient evidence to prove that Mr. Justis had accumulated twelve points in twelve months, requiring the revocation of his driver's license. The evidence at the hearing was undisputed. Mr. Justis offered into evidence the court's file to prove his BAC conviction on September 21, 1998. The Director then offered into evidence Mr. Justis's driving record, which proved that he had nine prior DWI convictions. The circuit court set aside the revocation of Mr. Justis's license because the Court was "not going to speculate" whether twelve points were assessed as a result of Mr. Justis's BAC conviction as represented by the Director. Speculation was not necessary, however. Section 302.302.1(8) mandates that twelve points be assessed for a second or subsequent conviction for a BAC or DWI or any combination thereof. The undisputed evidence before the court proved that Mr. Justis accumulated twelve points in twelve months, mandating the revocation of his license under § 302.304.7. The circuit court erred when it set aside the revocation of Mr. Justis's driver's license for lack of competent and substantial evidence.

■ The Director includes an argument in his brief on appeal that Mr. Justis received sufficient notice under § 302.304.1, even though the notice to Mr. Justis of his revocation incorrectly listed a DWI conviction, rather than a BAC conviction. This court agrees. Section 302.304.1 states that, "The director shall notify by ordinary mail any operator of the point value charged against the operator's record when the record shows four or more points have been accumulated in a twelve-month period." The Director complied with the statute because the notice to Mr. Justis properly informed him of the point value charged against his record. Of greater significance, however, is the fact that Mr. Justis did not challenge the revocation of his license on the basis of inadequate notice either in the circuit court or on appeal, so no further discussion of the adequacy of the notice is necessary.

### Conclusion

This court finds that the Director presented competent and substantial evidence that Mr. Justis's conviction for BAC resulted in the assessment of twelve points under § 302.302.1, and that, as a matter of law, his license should be revoked for a

period of one year. Accordingly, this court reverses the judgment and remands the cause to the circuit court for the entry of an order sustaining the revocation of Mr. Justis's driver's license for point accumulation.

All concur.