**Robert L. ADDISON, Jr., Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. ED 93030.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 26, 2010.

Chastidy R. Dillon–Amelung, Clayton, MO, for appellant.

Stephen L. Nangle, St. Louis, MO, for respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

The Director of Revenue (hereinafter, "the Director") appeals from the judgment of the St. Louis County Circuit Court finding Section 302.525.4 RSMo (2000)[1] "restricts the [Director] from imposing a double period of suspension" and ordering the Director to reinstate Robert L. Addison, Jr.'s (hereinafter, "Driver") commercial driving privileges. Specifically, the Director asserts that: (1) Section 302.755 requires the Director to disqualify a person from driving a commercial motor vehicle for one year if that person is convicted of driving while intoxicated, and (2) Section 302.525.4 does not entitle Driver to a one-year credit toward his commercial driving privileges disqualification beginning October 20, 2008. We reverse and remand.

On July 16, 2007, the Jennings Police Department arrested Driver for driving while intoxicated in violation of Section 577.010. The arresting officer subsequently issued Driver a Notice of Suspension of his driving privileges for ninety days pursuant to Sections 302.505 through 302.525. On August 22, 2007, the Director notified Driver that, in accordance with Sections 302.700 and 302.755, his commercial driving privileges were disqualified for one year beginning on September 23, 2007.

Driver subsequently pleaded guilty to driving while intoxicated on September 11, 2008, and received a suspended imposition of sentence with two years probation. On September 23, 2008, the Director notified Driver his commercial driving privileges would be disqualified for a second one-year term beginning on October 20, 2008. Driver filed a petition for review on October 8, 2008. The trial court found Section 302.525.4 "restricts the [Director] from imposing a double period of suspension" and ordered Driver's commercial driving privileges reinstated. The Director appeals.

Our review of the trial court's judgment is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This Court will sustain the trial court's judgment unless there is no substantial evidence to support it, the decision is contrary to the weight of the evidence, or the trial court erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32.

In his sole point on appeal, the Director argues the trial court erred in ordering the Director to remove the commercial driver's license disqualification beginning October

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

20, 2008, because the trial court erroneously declared and applied the law. Specifically, the Director asserts Section 302.755 requires him to disqualify a person from driving a commercial motor vehicle for one year, if that person is convicted of driving a motor vehicle under the influence of alcohol. In response, Driver claims the trial court correctly interpreted Section 302.525.4 as barring the Director from imposing a second one-year disqualification of his commercial driver's license.

■ Section 302.755 provides, in relevant part, that "[a] person is disqualified from driving a commercial motor vehicle for a period of not less than one year if convicted of a first violation of ... [d]riving a motor vehicle under the influence of alcohol." The Director and Driver agree that a "conviction" includes the suspended imposition of a sentence. *See* Mo.Rev. Stat. § 302.700.2(8) (2000)(defining conviction as "an unvacated adjudication of guilt, including pleas of guilt ..., regardless of whether the penalty is rebated, suspended or prorated"); *see also Renner v. Director of Revenue,* 288 S.W.3d 763, 766 (Mo.App. E.D.2009)("[W]e believe the legislature intended to qualify the entire list of potential penalties constituting a 'conviction' under section 302.700.2(8) with the conclusory language of 'regardless of whether the penalty is rebated, suspended or prorated.'"). Here, Driver pleaded guilty to driving while intoxicated in violation of Section 577.010 and received a suspended imposition of sentence. Therefore, the Director properly imposed a one-year disqualification of Driver's commercial driver's license as required by Section 302.755.

■ Nevertheless, Driver claims the Director should not impose a "double penalty for the same occurrence." Specifically, Driver asserts Section 302.525.4 entitles him to a one-year credit toward the October 20, 2008, commercial driving privilege disqualification based on Driver's initial one-year commercial driving privilege disqualification beginning on September 23, 2007.

■ Section 302.525.4 provides:

Where a license is suspended or revoked under this section and the person is also convicted on charges arising out of the same occurrence for a violation of section 577.010 or 577.012, RSMo, or for a violation of any county or municipal ordinance prohibiting driving while intoxicated or alcohol-related traffic offense, both the suspension or revocation under this section and any other suspension or revocation arising from such convictions shall be imposed, but the period of suspension or revocation under sections 302.500 to 302.540 shall be credited against any other suspension or revocation arising from such convictions, and the total period of suspension or revocation shall not exceed the longer of the two suspension or revocation periods.

In order for Section 302.525.4 to apply, two conditions precedent must be satisfied. *Martin v. Director of Revenue,* 901 S.W.2d 328, 330 (Mo.App. W.D.1995). First, Driver's case must involve a license which has been suspended or revoked under Section 302.525. *Id.* Second, Driver's second suspension must arise out of the same occurrence and either: (1) he must have been convicted of violating Sections 577.010 or 577.002, or (2) he must have been convicted of violating any county or municipal ordinance prohibiting driving while intoxicated or alcohol-related traffic offense. *Id.*

Driver cannot receive a one-year credit under Section 302.525.4 because his case does not meet the two conditions precedent to applying the statute to his case. *See Martin,* 901 S.W.2d at 330. Unlike the driver in *Martin,* who had his license revoked under Section 302.525.2(2), Driver's

commercial driver's license was not disqualified under Section 302.525. Rather, the Director notified Driver on August 22, 2007, and September 23, 2008, that his commercial driver's license was disqualified for one year, respectively, pursuant to Sections 302.700 and 302.755. Since the Director did not suspend Driver's commercial driver's license under Section 302.525, Section 302.525.4 does not apply to Driver's case and he cannot benefit from the statute.[2]

Furthermore, even if Driver met the two conditions precedent to applying Section 302.525.4 to his case, he would not qualify for a one-year credit under the statute. Pursuant to Section 302.525.4, only suspensions imposed under Sections 302.500 through 302.540 should be credited against other suspensions imposed under Chapter 302. *Greenwood v. Director of Revenue*, 5 S.W.3d 604, 606 (Mo.App. E.D. 1999). "The revocation procedures outlined in sections 302.400 to 302.540 provide for revocation following the submission of chemical tests." *Id.* at 606. While Driver's *non-commercial driving privileges* were suspended under Section 302.505 for ninety days, both of the one-year disqualifications of his *commercial driving privileges* were pursuant to Section 302.755. Section 302.755 imposes an additional dis-

qualification on a holder of a commercial driver's license and is separate from the often shorter suspension imposed under Section 302.505. *Miller v. Director of Revenue*, 277 S.W.3d 290, 294 (Mo.App. W.D. 2009). In his petition for review, Driver only challenges the imposition of the October 20, 2008, disqualification of his *commercial driving privilege* under Section 302.755 and does not appear to seek a credit under Section 302.525.4 based on his ninety-day suspension of his *non-commercial driving privilege* under Section 302.505.[3] Accordingly, Driver cannot receive a one-year credit under Section 302.525.4 toward his second one-year commercial driving privileges disqualification. *See Greenwood*, 5 S.W.3d at 606. Since Driver is not entitled to a credit under Section 302.525.4, the trial court erroneously declared and applied the law. Point granted.

The judgment is reversed and remanded.

KURT S. ODENWALD, P.J. and GARY M. GAERTNER, Jr., concur.

**2.** This Court is aware dicta exists in *Meeh v. Director of Revenue*, 741 S.W.2d 866 (Mo.App. E.D.1987), stating Section 302.525.4 "allows the suspension of a driver's license by both administrative and court actions, but avoids double punishment for the same offense." *Meeh*, 741 S.W.2d at 868 (citing Section 302.525.4 as another illustration of "the legislature's intent to provide a separate mechanism for punishing violators of alcohol related traffic laws"). Nevertheless, we must presume the legislature intended what the statute says. *State v. Meggs*, 950 S.W.2d 608, 610 (Mo.App. S.D.1997). The legislature's effort to avoid a double penalty does not extend to Section 302.755 *et seq.*, and therefore constrains this Court to impose a seemingly dou-

ble penalty. We must follow the statute as written. *See Meggs*, 950 S.W.2d at 610 ("[W]hen the legislative intent is apparent from the words used and no ambiguity exists, there is no room for construction.").

**3.** In reviewing actions regarding drivers' licenses, the circuit court may only grant relief based on grounds raised in the petition for review. *Pointer v. Director of Revenue*, 891 S.W.2d 876, 878 (Mo.App. E.D.1995)(citing *Stallmann v. Director of Revenue*, 816 S.W.2d 6, 7 (Mo.App. E.D.1991); *Cillo v. Director of Revenue*, 782 S.W.2d 81, 82 (Mo.App. E.D. 1989)).